## NUGENT v. HICKEY.

To bind another by a note the power must be express and special.

Where from the plaintiff's own books a credit appears to have been given exclusively to a particular individual, he alone is liable for the debt.

Where the proceeds of crops received and sold by factors were more than sufficient to pay for any supplies or advances made by them for the use of a plantation, but, instead of being applied to the extinguishment of those debts, they were appropriated to the payment of private debts of an agent of the owner of the plantation, the owner cannot be made responsible by the factors, for such supplies or advances.

APPEAL from the District Court of East Baton Rouge, Burk, J.

Elam, for the appellant, cited Story on Agency, ss. 61, 93, 95, 127, 256, 257. Civ. Code, art. 1960. 17 La. 353.

T. G. Morgan, for the defendant. Walsh had no authority to bind the defendant by note. Story on Agency, ss. 62, 65, 68, 69, and notes 2, 72, 76. Civ. Code, art. 2966.

The judgment of the court was pronounced by

EUSTIS, C. J. This case involves the question of the liability of the defendant for a debt of $2,332 12½, due to the partnership of Nugent, Turpin & Watt, doing business in New Orleans.

It is charged in the petition that the defendant, being the owner of the Parc Perdu plantation, in the parish of St. Martin, constituted S. W. Walsh his agent for the management of it, with full power for the purchase of stock, or the necessary articles for the use of the plantation, and for the settlement of accounts

in relation to the same; that *Walsh* remained on the plantation for several years, and under said power contracted the debt sued on with *Nugent, Turpin & Watt*, and closed the account by a note in their favor, on the 11th July, 1840, which note is held by the plaintiff, and is the subject of the present suit. The note is signed by *S. W. Walsh, agent for P. Hickey, for Parc Perdu plantation.*

The power of attorney under which *Walsh* acted is in the words before mentioned, and also directs that in all cases in which his, *Hickey's,* interest may be concerned, in relation to the plantation, *Walsh* should act for him and in his name, as though he were present. There was no plantation account kept by *Nugent, Turpin & Watt,* the factors. The account in which *Hickey* is sought to be made liable is against *Simon W. Walsh* alone, in which supplies for the plantation, and money advanced on account to *Walsh,* are charged to him. No liability attached to *Hickey* by reason of the note given in his name, for *Walsh* had no authority to bind him in that form ; and from the factors' own accounts, it appears that the credit was given exclusively to *Walsh.* There is one ground of defence taken by the defendant, which is conclusive. It appears that the proceeds of the crops of the plantation received by *Nugent, Turpin & Watt,* and sold by them, were more than sufficient to pay the debts contracted for the plantation. It is evident the factors were bound to apply the proceeds of the crops to the extinguishment of the plantation debts, and had no right to pay the agent's private debts with them, and leave the plantation debts unprovided for. In other words, *Hickey's* funds ought to have gone to the payment of his debts ; and, on the shewing of the plaintiff, and assuming that the factors knew the authority under which *Walsh* managed the plantation, there is no cause of action against the defendant.                    *Judgment affirmed.*