No. 77.—Edward Nalle & Co. v. Cleaton Higginbotham, Administrator, etc.

The mandate to execute a promissory note for another, must be both express and special. C. C. 296r.

The power is not required to be in writing, but express and special, as distinguished from implied and general.

APPEAL from the Twelfth Judicial District Court, parish of Morehouse. *Crawford*, J. *Stubbs & Cobb*, for plaintiffs and appellants. *D. C. Morgan*, for defendant and appellee.

Howe, J. This suit was instituted by plaintiffs against the administrator of the estate of Mrs. Elizabeth Higginbotham, deceased, to recover the amount of a promissory note. The note was made by D. F. Higginbotham, a son of the decedent; but it is claimed by plaintiffs that he was acting as agent of his mother in executing the note—that it was given for supplies furnished for her plantation, and that they are therefore entitled to a judgment for its amount against her administrator.

There was judgment for defendant, and plaintiffs have appealed.

The textual provisions of the Civil Code plainly require that a mandate to execute for another a promissory note should be both express and special. C. C. 2966. It is not required that the power should be in writing, as contended by the counsel of the appellee, but it must be "express" and "special," as distinguished from "implied" and "general." And, therefore, in Nugent v. Hickey, 2 Ann. 358, where the defendant was sued upon a note signed by "Walsh, agent for P. Hickey, for Parc Perdu plantation," and it appeared that Walsh held a full power for

the purchase of stock and of necessary articles for the use of the plantation, and for the settlement of accounts in relation to the same, that Walsh remained on the plantation for several years, and under the power contracted the debt with the plaintiffs, and closed the account with the note in suit; and the power further provided that Walsh should act for the defendant in all cases in which the latter's interest might be concerned in relation to the plantation, it was held by the court that no liability attached to the defendant by reason of the note given in his name, for Walsh had no authority to bind him in that form.

The case at bar is even stronger for the defendant than the one cited above, for not only was the account of plaintiffs kept with D. F. Higginbotham in his individual name, but the note was taken in settlement in his individual name. Mrs. Higginbotham does not appear in the account or in the note. There is no evidence that she ever gave any legal mandate for its execution or ever in any way acknowledged the liability now sought to be imposed on her succession.

The cases cited by the plaintiff do not seem to conflict with the views we have expressed. In Reynolds v. Rowley, 3 R. 201, and 2 Ann. 891, the plaintiffs sued on an account, and it was held that where the agent, who had a special power of attorney by which he was authorized to borrow money for the defendant's plantation, received money from plaintiffs as a loan for the plantations ; the defendants were liable, even though the agent had no authority to draw the bills from whose proceeds the loan was made. The question was not one of the authority to execute a note or bill. In Perrotier v. Cucullu, 6 La. 587, the bill was drawn by a supercargo in a foreign port; the act seemed to be one of necessity in carrying out the purpose of the agent's appointment, and the court, without passing with directness upon the question of authority, came to the conclusion that the defendant's subsequent agreement to pay the bill out of a particular fund, should that fund be available, amounted to a sanction and ratification of what had been done by his agent.

For the reasons given it is ordered and adjudged that the judgment appealed from be affirmed with costs.