## No. 1084.

### SUCCESSION OF W. L. RICHMOND.

### ON OPPOSITIONS TO PROVISIONAL ACCOUNT OF ADMINISTRATRIX.

The administrator of a succession is responsible for the difference of the appraised value of movable effects and the price which they brought at a sale on a second offering made on the same day on which the first offering was made, when such sale was made for what the property would bring, without reference to appraisement.

No law in this State compels the administrator of a succession to lease its property at auction.

A party who receives funds for minors, without having been appointed and qualified as tutor, assumes the responsibilities of an intermeddler or *negotiorum gestor*, and will owe interest on such funds from the day that they were received by him.

The claim for the recovery of such funds is subject to the prescription of ten years, to be computed from the age of the majority of the minors.

An administrator who acknowledges in writing a claim against a succession, and places such a claim on his first tableau, will be estopped from afterwards contesting such claim, unless he pleads and clearly proves that he had acted through error, caused by the fraud of the creditor.

APPEAL from the Sixth District Court, Parish of Morehouse. *Brigham, J.*

*H. H. Naff* and *Todd & Todd* for Opponents and Appellees :

An unliquidated claim may be urged by way of opposition to administrator's account.  10
   L. 358 ; 10 An. 224 ; 29 An. 493.

Compensation can only be plead when defendant's claim is as equally liquidated as plaintiff's.
   1 Hennen, p. 254, § 5.

Oral evidence is admissible to prove that deceased admitted that he owed a debt; this evi-
   dence, when admitted, cannot have the effect to interrupt prescription, it only proves the
   indebtedness.

When an administrator allows an account, prescription is interrupted.  30 An. 853, 1071.

One who falsely represents himself as tutor of minors and collects money due them, is a *nego-
   tiorum gestor*, and he can only plead the prescription of ten years against an action by
   the minor to recover the money collected by him.  C. C. 3544; 15 An. 143; 10 An. 395; 19
   An. 491 ; 11 L. 565 ; 24 An. 565.

Prescription does not run against minors.  C. C. 3521 ; 23 An. 447.

After an administratrix allows a claim, and places it on her tableaux of debts, she is es-
   topped from denying and opposing it.  11 An. 710 ; 23 An. 764.

· *Newton & Hall* and *Ellis & Sugar* for Opponents and Appellants :

The claim of a minor, against his tutor, before a liquidation by settlement and account between
   them, or the legal representative of the latter, cannot be enforced against the succession
   of the tutor.  29 An. 526 ; 32 An. 457.

The administrator of a succession, having allowed a claim in error of fact, and through the
   fraudulent representation of the claimant, has a right to correct the error, and to strike
   the claim from his account.  C. C. 2291 ; 13 An. 369, 370.

The claim of a minor against his tutor, arising out of the tutorship, is prescribed in four
   years, to date from his majority.  C. C. 356 ; 10 R. 173 ; 6 An. 327 ; 10 An. 658 ; 20 An. 509.

The same responsibilities attach to one who assumes to act as tutor for a minor, and who has
   control of his person, as attach to the legally appointed tutor.  26 An. 442-3.

The testimony of one witness, without corroborating circumstances, is insufficient to prove
   a claim of over $500.  C. C. 2277 ; 15 An. 639.

Parol evidence is inadmissible to prove any acknowledgment or promise of a party deceased
   to pay any debt or liability in order to take such debt or liability out of prescription, or
   to revive the same after prescription has run.  C. C. 2270 ; 24 An. 496.

No person is entitled, at law, to more than what he claims.

The administratrix is liable for the rents of property which she has failed to lease according
   to law, and which she occupies and uses for her individual benefit.

*John A. Richardson* for Opponent and Appellee.

*N. J. Scott* and *E. H. McClendon* for the Administratrix and Appellant.

––––––

The opinion of the Court was delivered by

POCHÉ, J.   The provisional account filed in this succession on the
5th of May, 1881, was met by numerous oppositions from creditors,
some of whom complained of being omitted from the account, and
others averred that the administratrix had failed to charge herself
with rent for a plantation belonging to the succession, and with other
items of credit accruing to the estate, to be hereinafter enumerated.

The most serious complaint was directed against the allowance of
two items, $950 and $200 and interest, to T. W. and G. A. Scott, for

moneys alleged to have been collected for them by the deceased, their maternal uncle, when they were minors.

On November 23d, 1882, the administratrix filed an amended account the principal feature of which consisted in ignoring the claim of T. W. and G. A. Scott, who thereupon filed an opposition, in which they urged the correctness and legality of their claim, and they also filed a plea of estoppel against the right of the administratrix to repudiate a claim which she had judicially recognized.

The trial on these issues resulted in a judgment which recognized the Scott claim, as well as the claims of nearly all the opposing creditors, and amended the account in increasing the amount to be charged to the debit of the administratrix. This appeal, taken by her and by Newton & Hall, opponents, presents the following points of contention:

1. The liability of the administratrix for the difference between the appraised value of certain movable effects and the price for which they sold at auction, on a second offering made on the same day that the first offering was made, for what they would bring irrespective of appraisement, which difference amounts to thirty-five 5-100 dollars.

2. Her liability for $180, for rents collected on house and lot in Bastrop, and not accounted for.

3. Her liability for rent of the Home Plantation, at the rate of $640 per annum, for the years 1882 and 1883.

4. The correctness of a claim of $77, allowed to A. H. Lindsay.

5. The liability of the succession to T. W. and G. A. Scott for their claim of $1150 and interest.

I.

We find no error in that part of the judgment which holds the administratrix responsible for the sum of $35.05, as the difference between the appraised value of movable effects and the amount which they brought at the sale, which was made for what it would bring, without reference to appraisement, and which was therefore made in direct violation of the law governing such sales. C. P. Art. 990. The argument that a new advertisement would have cost as much as the amount of such difference, though plausible and perhaps true in point of fact, cannot overcome the strength of a strict provision of law.

The administratrix undertook the risk, and she must bear the consequences, especially as those particular effects were bought in by herself.

II.

In her amended account the administratrix charges herself with $142, amount collected by her for rent on the town property; the

evidence fails to show that such rent was worth more, or that she collected a larger amount; hence, in our opinion, the District Judge erred in charging her with $180, for rent of the same property during the same space of time. This item must therefore be stricken out.

### III.

Opponents contend that the administratrix having failed to lease the Home Plantation, on which she resided since the death of her husband, at public auction for 1882 and 1883, should be held for such rent at its market value, alleged to be $640 per annum.

The record shows that the administratrix charges herself for such rent for the year 1879 at $200, and for the years 1880, 1881 and 1882 at the rate of $50 per annum, and that the rate for 1880 and 1881 was fixed by auction.

We know of no law and we have been referred to none, which compels the administrator of a succession to lease its property at auction. Hence, the administratrix violated no law in omitting this formality for the year 1882, and she had the right to continue her occupation of the property for that year, and is responsible for the value of said rents, as shown by the previous rents which had been made by public offering.

The record shows that, owing to certain litigation which had been pending against the succession, and which was to have been disposed of during the year 1882, after which it was contemplated that the plantation would have been sold, the administratrix would not have been justifiable to offer, in the beginning of the year, an annual lease of such plantation. She should not, therefore, be charged more than fifty dollars for that year's rent, which we conclude was a fair rental, considering the risk of being evicted before the expiration of the year from the result of the pending litigation, and which risk she took.

The same reasoning would dispose of the rent for the year 1883, if the year had terminated and if we were certain of her occupation of the place during the whole year. Hence, in our opinion, this question is premature, and must be relegated for final decision to the next or final account to be presented by the administratrix.

### IV.

The administratrix complains, that of the account of A. H. Lindsay, amounting to $110, the sum of $77 was for goods furnished to one of the Scott boys, erroneously charged to Richmond, and she states that she approved Lindsay's account through error of fact.

But the evidence satisfies us that the goods were furnished to Scott, who was then a laborer of Richmond's, under the latter's order, and

that he had bound himself to pay for the same; hence, his succession was properly chargeable therewith, and the administratrix had committed no error in recognizing the claim, which she cannot otherwise dispute.

## V.

The claim of T. W. and G. A. Scott is resisted on the grounds:

1. That it was never due.

2. That it is barred by the prescription of three, four and ten years.

3. That in recognizing the claim by a written acknowledgment, the administratrix had been led into error by fraud and deception practised on her by T. W. Scott.

4. That it is extingushed by compensation.

1. The Scott claim is alleged, to arise out of the following facts and transactions:

The Scott boys, having lost their parents at an early age, were residing with and being cared for by their uncle, the deceased, when the succession of their maternal grandfather was settled in the Parish of Morehouse, and the sum of $950 accruing to them from said succession was paid by the administrator thereof into the hands of the deceased W. L. Richmond, who had represented himself to be their tutor and guardian. This occurred in the year 1867. The additional sum of $200 is alleged to have been received for them, in part payment of some property accruing to them from the estate of their father, who died in the State of Mississippi in 1867, and sold by Richmond. This occurred in 1873. They proceeded to make out their claim through their own testimony and that of other persons conversant with the facts, and the administratrix objected to the introduction of any and all parol testimony, on the ground that such testimony was inadmissible to prove the acknowledgment of a party deceased to pay any debt, in order to take such debt out of prescription. For such purpose the evidence was clearly inadmissible, but for the purpose of proving the origin and past existence of the alleged debt, the evidence was doubtless admissible, and hence, the Judge did not err in allowing its introduction. Under the restriction above indicated, we have considered and weighed the testimony on that point, and it has satisfied us that the sums charged were received, as alleged by Richmond, by whose succession such sums are yet due, unless the claim has been extinguished by some legal mode.

2. The administratrix invokes that of prescription. It is conceded in argument that the plea of prescription of three years is not applicable. As the record utterly fails to show that Richmond had ever been

appointed as tutor of the Scott minors in this State, or as their guardian in the State of Mississippi, it is equally clear that the prescription of four years cannot avail in the case of a party who receives or collects funds for minors as an intermeddler or *negotiorum gestor*, as is shown to have been the case with Richmond in this record.

His only shield must be found in the prescription of ten years. C. C. 3540, 3544; Garland vs. Scott, 15 An. 143; Harrison vs. Adger, 24 An. 565; Succession of Raphael Romero, 29 An. 494.

Now, it is an elementary provision of our law that prescription does not run against minors, except in certain cases not herein presented. C. C. 3522.

Hence, the ten years must be computed from the time at which these opponents respectively reached their majority. The record shows that T. W. Scott became of age in the year 1871, and G. A. Scott reached the same age in May, 1875. As this opposition was filed in March, 1883, the solution of the plea as to him suffers no difficulty whatever.

In the case of T. W. Scott, the plea is defeated by the written acknowledgment of his claim, together with his brother's, by the administratrix in October, 1879, two years before prescription would have acquired.

It is now settled in our jurisprudence, that the acknowlegment of a debt by the administrator of a succession operates a legal interruption of prescription, which is thereby suspended as long as the property of the succession remains in the hands of the administrator for administration. Twendle vs. Debouchel, 32 An. 753; Succession of J. C. Patrick, 30 An. 1071; Renshaw vs. Stafford, 30 An. 853.

3. But the administratrix contends that her acknowledgment of this claim is stripped of legal effect, because it was made in error of fact, through the misrepresentations of T. W. Scott, who stated to her, on presenting his account for her approval, that she was advised by her attorney to acknowledge the same, and that she discovered the deception later. Having acknowledged this account in October, 1879, having placed it as a debt of the succession on her tableau in May, 1881, she cannot be allowed to escape the legal effect of such acts which amount almost to a confession of judgment, without proving clearly the alleged error under which her good faith was deceived, and the burden of proof is exclusively on her. Succession of Mulhern, 33 An. 1047. The evidence utterly fails to establish the alleged deception, and even absolutely negatives the obnoxious charge. Her silence from October, 1879, to November, 1882, when she filed her amended tableau, and her failure to sooner denounce such a bare deception, involving a heavy claim against her husband, who, to her avowed knowl-

edge, owed money to these opponents, who had been raised, and had lived for several years under her roof, speaks louder than words in refutation of this charge, which is manifestly an afterthought, and the offspring of an imagination more fertile in resources than hers.

We, therefore, hold her written acknowledgment as a legal and complete interruption of prescription.

The exception filed to the opposition of the Scotts, that their action should have been one for an account of tutorship, has no force, and is disposed of by that part of our opinion which settles the status of Richmond towards his minor nephews.   The objection that, in their opposition, the Scotts asked judgment for only $950, and that the judgment erroneously allows them more than they prayed for, is met by their plea of estoppel filed later, in which they assert their right to recover the full amount of their claim as allowed in the provisional or first account presented by the administratrix.   This allegation, coupled with the previous judicial admission of the administratrix, that their entire claim was correct, was sufficient as pleading, to justify the admission of proof, and to sustain a judgment in their favor on proof of the claim.

We note also the fact that no objection based on that ground was made to the introduction of their evidence.

4.  The plea of compensation is not sustained by the record which shows, on the contrary, that these minors amply compensated by their labor in the field the support which they received from their uncle, including their board, clothing and a little schooling which he provided for.

The Judge allowed interest at five per cent. per annum on the sum of $950 from November 1867, and at the same rate on the sum of two hundred dollars from November, 1879.   We see no error to the detriment of the succession in that ruling.

Opponents were entitled to interest from the date at which their claims were due.   R. S. Sec. 1883; Gonsoulin vs. Migues, 5 An. 565; Fuselier vs. Babineau, 14 An. 764; Conrad vs. Burbank, 24 An. 18.

The judgment appealed from is therefore amended, in so far as it allows a credit of $960 against the administratrix for rent of the plantation for the years 1882 and 1883, and it is ordered that she be charged rent for 1882 at fifty dollars, and that there be judgment of non-suit for the rent of 1883; the judgment is further amended by rejecting the demand of $180 for rents of the town property for the years 1879, 1880 and 1881.

It is now ordered that said judgment, as thus amended, be affirmed in all other respects, and that costs of appeal be paid in equal proportions by opponents, Newton & Hall, and T. W. and G. A. Scott.