JOHN TIGER, APPELLEE, V. BUTTON LAND COMPANY ET AL.,
APPELLANTS.

FILED MAY 13, 1912. · No. 17,006.

1. **Deeds:** EXECUTION BY ATTORNEY IN FACT. As respects the execution of a deed by an attorney in fact, although it is usual and better for him to sign the name of his principal and to add thereto his own signature, with proper words indicating that the act is done by him as such attorney, yet it is not in all cases necessary that he should so append his own name. When the deed on its face purports to be the indenture of the principal, made by his attorney in fact therein designated by name, it may be properly signed by such attorney by his subscribing and affixing thereto the name of his principal alone.

2. ————: ACKNOWLEDGMENT BY ATTORNEY IN FACT. But in such a case he cannot complete the execution of such deed by an acknowledgment which recites that the principal personally appeared before the notary and acknowledged the execution of the deed to be his voluntary act. Such acknowledgment must state the truth, and recite that it is made by the attorney in fact, in his representative capacity.

OPINION on motion for rehearing of case reported, *ante,* p. 63. *Rehearing denied. Former opinion modified.*

FAWCETT, J.

Defendants have filed a motion for rehearing, or rather for a modification of our opinion, *ante,* p. 63. We are asked to modify the following language in our opinion: "The evidence also shows that the deed from H. E. Gibson to plaintiff for the Colorado lands was never signed by Mrs. Gibson, but that the name, 'H. E. Gibson,' was signed by A. L. Button, who admitted upon cross-examination that he may have attempted to imitate the handwriting of H. E. Gibson in making the signature. The deed is acknowledged before one Nellie Sheehy, notary public, who certified that 'H. E. Gibson (single)' personally appeared before her and acknowledged the execution of the deed to be 'his' voluntary act and deed. Miss Sheehy was an

31

employee of the Buttons. Mr. Button attempts to justify his action in signing the deed as was done, by testifying that he had a power of attorney from his sister, H. E. Gibson, authorizing him to sign her name to deeds and other instruments, and that he supposed that it was all right to sign that way. It is incredible that, after transacting business as a real estate dealer for about 20 years, in seven states and territories, with offices in something like 15 cities in those states, he should be ignorant of the fact that his power of attorney did not give him authority to sign a deed in any such manner." Counsel state that, while the above is "probably dictum and entirely unnecessary to the decision of the case, yet it is now urged upon the attention of this court, as a rule of law, in the brief of counsel in another suit soon to be presented at this bar." This statement impels us to consider and definitely determine the question now.

Counsel argue that, as Mr. Button had a power of attorney from H. E. Gibson to sign her name to deeds, he had a perfect right to sign the deed in controversy, as was done, and cite *Devinney v. Reynolds,* 1 Watts & Serg. (Pa.) 328; *Forsyth v. Day,* 41 Me. 382; *Berkey v. Judd,* 22 Minn. 287, 302, in support of their contention. In the last sentence of the quotation from our opinion above given the word "execute" should have been used instead of of the word "sign," so as to include the acknowledgment as well as the signing, which the quotation from the opinion shows was what was under consideration. We concede that the weight of authority is to the effect that where A. B. has a written power of attorney from C. D. to sign deeds for the latter, he may sign the deeds "C. D.," without adding "by A. B., his attorney in fact," but he cannot complete the execution of that deed by an acknowledgment which recites that "C. D." personally appeared before the notary and acknowledged the execution of the deed to be his voluntary act. Such a recitation would be false, and a deed so executed would not be good even under the authorities cited by defendants.

In *Devinney v. Reynolds, supra,* the deed recited: "Know ye that Michael Hollman, by William M'Allister, his lawful and regularly deputed attorney in fact, for and in consideration of," etc., and concludes: "In witness whereof, the said Michael Hollman, by his attorney aforesaid, hath hereunto set his hand and seal." The deed was simply signed "Michael Hollman. (Seal.)" The certificate of acknowledgment recited: "Personally came William M'Allister, attorney as aforesaid, and acknowledged the foregoing deed poll as the act and deed of the said Michael Hollman," etc. It was in reference to that kind of an instrument that the court in the syllabus held: "It is not necessary to the proper execution of a deed by an attorney in fact that he should sign his name to it; the name of the principal alone is sufficient."

In *Berkey v. Judd, supra,* the opinion states: "It is recited in the body of the deed (exhibit C) that it is an 'indenture between Albert H. Judd' and others therein named as principals, 'by their attorney in fact, Orange Walker, and Orange Walker, parties of the first part,' and the said Greeley & Ludden of the second part. The deed purports to be signed and sealed by said first parties as follows: 'In testimony whereof the said parties to these presents have hereunto * * * set their hands and seals,' etc. 'Albert H. Judd, Caroline Judd, Asa Parker, Geo. B. Judd, Mary Ann M. Judd, Hiram Berkey, Georgiana E. Walker, Orange Walker.'" To the right of the first seven names there was drawn a single bracket, and written opposite the bracket are the words "By their attorney in fact." The opinion, after setting out the signatures as above, states: "As appears from the certificate of acknowledgment, Walker personally acknowledged the execution of said deed by himself as 'his individual act and deed,' and also as 'his act and deed as attorney in fact as aforesaid,' and 'for and on behalf of the said Albert H. Judd,' etc., 'as their true and lawful attorney in fact.' The name of Orange Walker subscribed to the deed is clearly indicated by its position and seal as his individual

signature as one of the grantors, and not as an agent. So far as he is concerned as one of the parties of the first part to the indenture, it was properly and legally executed and acknowledged. As respects the execution of a deed by an attorney in fact, although it is usual and better for him to sign the name of his principal, and to add thereto his own signature, with proper words indicating that the act is done by him as such attorney, yet it is not in all cases necessary that he should so append his own name. When the deed on its face purports to be the indenture of the principal, made by his attorney in fact therein designated by name, it may be properly executed by such attorney by his subscribing and affixing thereto the name and seal of his principal alone. *Devinney v. Reynolds,* 1 Watts & Serg. (Pa.) 328; *Forsyth v. Day,* 41 Me. 382. In this case the deed purports on its face to be the indenture of the principals, and not that of the agent. It fully discloses that it was made for them and in their name by their attorney in fact, Orange Walker, who had full authority so to do. Its execution was properly acknowledged by him as such attorney in fact, and for and on behalf of his said principals. The neglect to sign his own name to the words 'by their attorney in fact' was a purely technical omission, devoid of any legal effect whatever." This leaves only *Forsyth v. Day, supra,* as apparently supporting the contention of defendants. In that case *Wood v. Goodridge,* 6 Cush. (Mass.) 117, is quoted from as follows: "It should appear upon the face of the instruments that they were executed by the attorney, and in virtue of the authority delegated to him for that purpose. It is not enough that the attorney in fact has authority, but it must appear by the instruments themselves, which he executes, that he intends to execute this authority. The instruments should be made by the attorney expressly as such attorney; and the exercise of his delegated authority should be distinctly avowed upon the instruments themselves." The writer of the opinion then states: "No case, I apprehend, can be found in the books which will sustain the rule so broadly

laid down by the learned judge in the case of *Wood v. Goodridge.*" In the case under consideration by the Maine court, the instrument in controversy was a promissory note. In the latter part of the opinion, it is said: "From these considerations it results that all the notes introduced in this case, dated subsequent to the note in suit, and all other notes introduced, the existence of which was not proved to have been known to Daniel at or before the inception of the note in suit, were not competent evidence from which a jury would be authorized to infer original authority from Daniel to Adoniram to place his name on the note in suit, and for that specific purpose should have been excluded. Were these same notes competent evidence from which the jury could legitimately infer the adoption or ratification of the one in suit? The ratification of an act is equivalent to the original grant of authority." The court then proceeds to consider the case upon the theory of ratification, and finds that the notes were not competent evidence even for that purpose, and a judgment for plaintiff upon the note was reversed. An examination of this case shows that its criticism of *Wood v. Goodridge, supra,* was not only mere dictum, but that it has no application to an instrument which requires a formal acknowledgment as a part of its execution. It is no answer to this proposition that a deed as between grantor and grantee is good without any acknowledgment. Such is not the usual course of business, and it will not be contended that plaintiff in this case could have been required to accept from the defendants an unacknowledged deed. It is suggested in brief of counsel that *Wood v. Goodridge, supra,* has been practically overruled in Massachusetts. They do not cite any cases to that effect, nor has the writer been able, after diligent search, with the aid of Shepard's Notes, to find a later case in Massachusetts in any manner overruling *Wood v. Goodridge.* It has been cited and followed in a number of cases upon other points. The only case which we have been able to find, which would seem to even criticize it, is *Hunter v. Giddings,* 97 Mass.

41. That suit was based upon an instrument in writing, by which defendant agreed to cut and haul to plaintiff's paper mill 600 cords of wood. In the opinion it is said: "The ruling of the learned judge at the trial was probably made upon the authority of some of the expressions used in the case of *Wood v. Goodridge,* 6 Cush. (Mass.) 117. But, without considering the precise accuracy of all the observations found in the opinion in that case, upon a point which was not necessary to its decision, we do not think it applicable to the case at bar. The contract upon which this suit is brought was a contract, not under seal, for the sale of personal property. It was not essential to its validity that it should be in writing. Some memorandum in writing, signed by the defendant, was originally requisite to enable the plaintiff to enforce it, under the statute of frauds; but the contract itself might have been oral. Upon such a contract, if made by the agent in the name of the principal, without indicating the agency, the principal might be held, if he had afterward recognized and acted upon it. *Merrifield v. Parritt,* 11 Cush. (Mass.) 590. The oral contract between the parties, if the plaintiff's signature was treated as a nullity, would support his action."

The authorities cited upon the question of ratification or subsequent adoption of an unauthorized execution of a deed, and as to the proof required to establish a lost deed, are not in point.

We think further discussion is unnecessary. To the extent of substituting the word "execute" for the word "sign," as above indicated, our former opinion is modified, but in all other respects it is adhered to, and the motion

OVERRULED.