OVERTON, J.
In September, 1919, Benoit Deshotels, administrator of the succession of Avenant Deshotels, filed, in that succession, an amended final account and tableau of distribution. He carried Arcadus Vidrine on the account, as a creditor of the succession, in the sum of $550, with 8 per cent, per an *1097 num interest thereon from November 25, 1914, until paid, and 10 per cent, attorney’s fees. The indebtedness is evidenced by a promissory note, secured by special mortgage, and executed by the deceased, Avenant Deshotels. Isabelle Deshotels and Maude Tate filed an opposition to this account, opposing, among other items, the note in favor of Vidrine, basing their opposition on the ground that the prescription of five years had accrued against the note, and therefore that the note should not be allowed as a liability of the succession.
At the time the account was filed, the note had prescribed on its face, but Vidrine contends that before prescription had accrued, the administrator acknowledged and approved the note as due and owing by the succession, and relies on a written acknowledgment and approval, which he contends the administrator signed by making his mark.
The administrator is illiterate, and unable to sign his name. He denies having made his mark or touched the pen at the time the mark, which purports to be his, was made. No one testifies to having actually seen him touch the pen or make the mark. The facts and circumstances surrounding the entire matter, however, satisfy us that he either touched the pen, when the mark was made, or that it was made in his presence, with his knowledge, consent, and approval, either of which we think sufficient. The touching of the pen is a mere symbolic act, serving-no other purpose than to show consent to the making of the mark, It is sufficient, when it appears that the mark was made in the presence of the party, whose signature it purports to be, with his knowledge and consent! See 36 Oye. p. 451, § E.
The acknowledgment of the indebtedness, evidenced by the note, was signed at the law office of the attorney, then representing the administrator, in the presence of that attorney, who has since died, and the attorney for Vidrine, both of whom signed as attesting witnesses. The acknowledgment bears date August 24, 1917, which is well within the prescriptive period of five years. The opponents, Isabelle Deshotels and Maude Tate, contend, howevér, that the meeting, if such it may be termed, at which the acknowledgment is said to have been written and signed, did not take place until a few days before the primary election of 1920, and hence, if it be held that the acknowledgment was signed by the administrator, that it was signed tob late to interrupt prescription, since prescription had then accrued. In our view, however, it satisfactorily appears that the acknowledgment was signed by the administrator on the date which it bears. In fact, the acknowledgment was filed in the record dur-. ing the first trial of this opposition, some three months before the primary election.
The effect of the approval of the note for payment by the administrator, before the accrual of prescription, was to interrupt prescription, and, moreover, is to suspend the running thereof as long as the property of the succession remains *in the hands of the administrator. Succession of Biehmond, 35 La. Ann. 858.
We therefore ' conclude that the judge of the trial court ruled correctly in overruling the plea of prescription, and in recognizing the note as a liability of the succession. He, however, through inadvertence, we take it, recognized the note as secured by privilege instead of by special mortgage. The judgment should be amended in that respect. There was not even a contention that the note was secured by privilege.
Eor the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be amended, by recognizing said note as secured by special mortgage, and by ordering it to be paid, in due course of administration, accordingly, and in all other *1099 respects that said judgment be affirmed, the appellants Isabelle Deffliotels and Maude Tate to pay the costs of this appeal.