141 So. 41

## COATS v. GUARANTY BANK & TRUST CO. et al.

No. 31180.

March 30, 1932.

Rusca & Cunningham, of Natchitoches, for appellant.

Henry W. Bethard, Jr., and L. P. Stephens, both of Coushatta, for appellee Bank of Coushatta.

Hakenyos, Provosty & Staples, of Alexandria, for appellee Guaranty Bank & Trust Co.

ST. PAUL, J.

This is an appeal by plaintiff from a judgment against her on the merits being the same case in which we heretofore overruled an exception of no cause of action; our opinion on the overruling of said exception being reported under the same title in 170 La. 871, 129 So. 513.

### I.

In that opinion we stated plaintiff's contention, as set forth in her petition, as follows: "This is an appeal from a judgment sustaining an exception of no cause of action. The essential facts appearing from the petition are that plaintiff owned, as her separate property, thirty-one shares of stock in the Guaranty Bank & Trust Company; that plaintiff's husband was indebted to the Bank of Coushatta; that the bank was insisting upon a partial payment, or upon security for the debt, that plaintiff's husband entreated her repeatedly to permit him to have the stock temporarily for the purpose of securing the debt; that she finally let him have the stock temporarily, but refrained from indorsing it, and did not authorize any one else to indorse it, or to sell it; that the then president of the Bank of Coushatta induced her husband to sign her name as indorser of the stock, which her husband did; that the bank immediately sold the stock to T. P. Wheadon, of Alexandria, La., and credited the proceeds on the

husband's debt; that the Guaranty Bank & Trust Company then issued to Wheadon a certificate of shares for the shares purchased by him; that it was not until January 2, 1926, that plaintiff learned of the transaction; and that the Guaranty Bank & Trust Company, being the custodian of its stock books and the trustee of the stockholders, is indebted to plaintiff, in the absence of its ability to reissue other stock to plaintiff, for the value of the stock and the dividends declared thereon."

From which it will be seen that plaintiff alleges that she refrained from indorsing the stock certificate, "and did not authorize any one else to indorse or to sell it; that the then president of the Bank of Coushatta induced her husband to sign her name as endorser of the stock, which her husband did." And thereupon we rested our ruling squarely on the principle that: "Before reissuing the stock defendant should have ascertained the genuineness of what purports to be plaintiff's indorsement, or whether it was a duly authorized indorsement."

## II.

In their answer to the plaintiff's demand, defendant Guaranty Bank & Trust Company set forth the facts as follows:

That on or about the 23d day of February, 1925, W. W. Holley, president of the Bank of Coushatta, La., called T. P. Wheadon, cashier of the defendant bank, and negotiated for the sale of said stock for the sum of $6,975; that said Wheadon did thereupon find a purchaser for said stock, and on the next day honored a draft (with the stock attached) for that amount with a check payable to the Bank of Coushatta; that said stock was then canceled

on defendant's books, and reissued to one Bentley, a resident of the state of Mississippi.

That said stock was regularly indorsed in blank and the signature guaranteed not only by personal conversation with the president of the Bank of Coushatta, but by the signature of said president and of K. D. Holley, Jr., another officer of said Bank of Coushatta.

That it was only after the institution of this suit that defendant learned, and therefore avers, that plaintiff did not actually sign said stock, but had same signed by her husband and agent in her presence and at her special request and instruction.

Whereupon said defendant prayed that plaintiff's suit be dismissed; and, in the alternative, that the Bank of Coushatta be called in warranty and condemned in favor of defendant for whatever judgment might be rendered against it.

## III.

In their answer to this call in warranty, the Bank of Coushatta set forth the facts as follows:

That at the time of the sale of the capital stock of the Guaranty Bank & Trust Company, acquired by the plaintiff, Mrs. Lorena Coats, from her deceased uncle, John W. Carnes, complained of in the plaintiff's petition, the said Mrs. Lorena Coats and her husband C. L. Coats, now deceased, were indebted unto responding warrantor in a sum in excess of $25,000, all of which was carried by your respondent on open notes; that immediately prior to the time of said sale of said stock to said Wheadon responding warrantor called upon the said plaintiff and her husband to either reduce or secure said indebtedness.

Defendant warrantor now shows that, responding to said call, the said Mrs. Lorena Coats and the said C. L. Coats came to petitioner's banking house in the town of Coushatta, La., and brought with them the certificates representing the capital stock of said Guaranty Bank & Trust Company acquired by Mrs. Coats from the succession of the said J. W. Carnes, deceased, and the said Mrs. Lorena Coats, in whose name said certificates stood, did then and there, in the presence of witnesses, instruct her said husband, the said C. L. Coats, to indorse the same in blank for her, and the said C. L. Coats, complying with said instructions, did, in the presence of the said Mrs. Lorena Coats, with her knowledge and consent, and without any protest on her part whatsoever, sign her said name to said certificates, indorsing them in blank in the space provided on said certificates for transfer of ownership in blank, and the said signature was witnessed, in the presence of the said Mrs. Lorena Coats, by W. W. Holley and K. D. Holley, Jr.

Petitioning and answering warrantor now shows that at the request of the said C. L. Coats, at the time of the signing thereof of said certificates, the said W. W. Holley called the Guaranty Bank & Trust Company to ascertain if said stock could be sold, and what price could be secured for the same; and he was informed that said stock could be sold, and that the price stated in said answer would be paid for said certificates, which price was agreeable to the said C. L. Coats and the said Mrs. Lorena Coats, and accordingly the said W. W. Holley was instructed by the said C. L. Coats and the said Mrs. Lorena Coats to transmit said certificates to said Wheadon of the Guaranty Bank & Trust Company, with draft attached for the amount of the purchase price and upon the payment of draft to credit the proceeds thereof on the indebtedness then due responding warrantor by Mrs. Lorena Coats and her husband, C. L. Coats, which was done upon the payment of said draft.

And thereupon said respondent set up that the indorsement of said stock certificate by plaintiff's husband was genuine and regular, for these reasons:

(a) Because the name of the said Mrs. Lorena Coats was signed to said certificate by the said C. L. Coats at the request and command of the said Mrs. Lorena Coats, which was a sufficient power, authority, and authorization for the said Coats to act for his said wife at said time. And,

(b) Because her said name was signed to said certificate in her presence without any protest being made by her, but with her complete sanction and approval, and therefore, under the law, has the same effect as if she had personally signed said certificate.

### IV.

The trial judge found the law and the facts to be against the plaintiff and in favor of the defendant and the warrantor, and accordingly he rejected plaintiff's demand, notwithstanding her testimony that the allegations of fact set up in said answers were untrue.

### V.

We think he was fully justified in finding the facts to be against the plaintiff and as set forth in said answers, by the clear, direct and positive testimony of W. W. Holley and K. D. Holley, Jr., corroborated circumstantially by the testimony of R. A. Giddens.

▮▮▮▮▮▮

## VI.

And the propositions of law contended for by the warrantor and the defendant, as above set forth, are thoroughly sound, and amply supported by authority. Meyer v. King, 29 La. Ann. 567; In re Deshotels' Estate, 153 La. 1096, 97 So. 203; Fadaol v. Rideau, 13 La. App. 551, 128 So. 193; Rev. Civ. Code art. 2992; Videau v. Griffin, 21 Cal. 389; Gardner v. Gardner, 59 Mass. (5 Cush.) 483, 52 Am. Dec. 740; Pierce v. Dekle, 61 Fla. 390, 54 So. 389, Ann. Cas. 1912D, 1355, and note; Goldsmith v. Gates, 205 Ala. 633, 88 So. 861; Hamilton v. Adams, 214 Ala. 440, 108 So. 1; Neal v. Harber et al., 35 Ga. App. 628, 134 S. E. 347; Winslow v. Warriner, 115 Neb. 553, 213 N. W. 819.

▮▮ Authority to execute, indorse, or transfer negotiable instruments, such as a bill of exchange or promissory note, need not be in writing, but may be conferred by parol, although the authority is not to be lightly inferred, but must be clearly shown. 2 Corpus Juris, 451; Verbo Agency, § 51, citing cases from California, Georgia, Illinois, Louisiana (Nalle & Co. v. Higginbothan, 21 La. Ann. 477), Maine, Massachusetts, Missouri, New Jersey, New York, Virginia, West Virginia, and England.

▮▮ Also, where a person's name is signed for him at his direction and in his presence by another, the signature becomes his own, and is sufficient to give the same validity to an instrument as though written by the person himself. 36 Cyc. 451, Verbo Signatures, point 28, citing cases from Arkansas, Illinois, Indiana, Iowa, Kentucky, Maine, Michigan, Minnesota, Mississippi, Missouri, New Jersey, New Hampshire, New York, Pennsylvania, Wisconsin, and England,; also from Vermont and Georgia. See, also, Meyer v. King, 29 La. Ann. 567.

### Decree.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., absent.