* Rehearing denied Nov. 16, 1936. Writ of certiorari refused December 21, 1936. *Page 393 
The plaintiff, Jules E. Morlet, alleging that he is the holder and owner of 29 promissory notes aggregating $1,424, which he secured for value and before maturity from E.C. Toussel, the payee, brought this suit against Mrs. Julia E. Maus, widow of John W. Dauer, the maker. Mrs. Dauer defended on the ground that plaintiff was not a holder in due course of the notes sued on, for the reason that the indorsement of the payee on the back of the notes was a forgery, and averred that there was a failure of consideration for which the notes had been issued.
There was judgment below in plaintiff's favor for $1,368, and defendant has appealed.
On the trial of the case, it was shown that Morlet had acquired the notes for a valuable consideration from E.C. Toussel, the payee, and that the father of E.C. Toussel, G.A. Toussel, acted as agent for E.C. Toussel in the transaction and indorsed the name "E.C. Toussel" on the back of the notes for his son.
It appears that E.C. Toussel was engaged in the contracting business in New Orleans; that he had made a contract to erect a building for the defendant; and that the promissory notes were executed by the defendant, to the order of E.C. Toussel in payment of the work to be performed by him under the building contract. The evidence also shows that G.A. Toussel, the father of E.C. Toussel, was in the habit of managing his son's affairs and had been given verbal authority by E.C. Toussel to sign checks, drafts, and other papers on behalf of his son.
E.C. Toussel testified that he had given his father the authority to endorse the notes in question to the plaintiff, and his father, G.A. Toussel, testified that he had such authority. At the time the father indorsed the notes, the son was not present.
The plaintiff testified that he knew both the father and the son and was aware of the fact that the father had signed the son's name on the back of the notes.
When the defendant sought to introduce proof, in an attempt to establish her defense concerning failure of consideration, an objection by counsel for plaintiff, to such evidence on the ground that plaintiff was a holder in due course before maturity, was sustained by the trial judge.
The question here presented for our determination is whether or not the indorsement of the name "E.C. Toussel" by G.A. Toussel is a valid indorsement.
Counsel for the defendant asserts that this indorsement was invalid and had the effect of being a constructive forgery because, under article 2997 of the Civil Code, the authority to draw or indorse bills of exchange or promissory notes must *Page 394 
be express and special. He argues that, under the evidence presented, G.A. Toussel had merely a general authority to transact business for his son and had no express authority to sign the son's name to the notes, which, it is claimed, is required under the article of the Code. Reliance is placed upon the cases of Avery v. Lauve, 1 La.Ann. 457; Nugent v. Hickey, 2 La.Ann. 358; Robertson v. Levy, 19 La.Ann. 327, all of which cases hold that the agent cannot bind another on a note unless his powers are express and special. However, we find that the authority of G.A. Toussel to indorse the promissory notes was express. The Code does not require that such authority be in writing, and consequently the fact of the agent's authority may be proved by parol testimony.
Moreover, article 2997, in so far as it affects negotiable instruments, was repealed in 1904, when the Legislature passed the Uniform Negotiable Instruments Law, being Act No. 64 of that year.
Section 19 of that act provides:
"The signature of any party may be made by a duly authorized agent.
"No particular form of appointment is necessary for thispurpose; and the authority of the agent may be established as inother cases of agency." (Italics ours.)
It will be seen from the foregoing that whether or not the agent has the authority to sign the principal's name to a negotiable instrument is purely one of fact. In this case, the proof is overwhelming that E. C. Toussel trusted his father implicitly, and had given his father authority to sign checks or other negotiable instruments for him.
But the defendant takes the position that the writing of the words "E.C. Toussel" on the back of the notes herein sued on, without any language of designation showing that the party who wrote the words "E.C. Toussel" acted in a representative capacity, amounted to no indorsement at all. In other words, it is claimed that, in order for an agent to validly indorse a negotiable instrument, indorsement must be made in his capacity as agent and not in the name of the principal. We see no merit in this contention.
It is said, however, that the authorities are to the effect that, where the signature of the principal is affixed to the instrument by some other person, in order to make such signature valid, the person whose name is being signed must be present. The cases of Vidrine v. Deshotels et al., 153 La. 1096, 97 So. 203, and Coats v. Guaranty Bank Trust Co., 174 La. 503, 141 So. 41, are cited as sustaining this conclusion.
Our analysis of the foregoing cases convinces us that the Supreme Court did not hold that it was necessary that the party, whose name is affixed to a document by an agent, need be present at the time of the affixation. The court, on the contrary, held in the latter case that the authority to execute, indorse, or transfer a negotiable instrument need not be in writing, but may be conferred by parol, although the authority is not to be lightly inferred but must be clearly shown. The fact that the principal is present is strong evidence that he authorized the party making his signature to sign, but his presence is not a prerequisite in determining whether the agent possessed the authority to make the signature. Some of the authorities, notably Corpus Juris, v. 58, p. 727, provide that, where a signature is made for a person by the hand of another acting in his presence, such mode of signing is sufficient because the person writing the name is regarded as a mere instrumentality for the person whose signature is affixed and not as the agent. However, in the same volume on page 728, it is said: "A signature may also be made through an authorized agent."
It is to be observed in this case that the maker of the note is complaining that the indorsement is not valid. E.C. Toussel readily admits that his father had authority to sign his name to the instrument; the father corroborates this testimony. The plaintiff concedes that he knew the father and son and knew that the father was signing the son's name. Undoubtedly, the son had the right to transfer the notes before maturity and he did exercise this privilege by discounting them with the plaintiff who was in good faith and paid a valuable consideration for the same. It is true that he acted through an agent, but that fact cannot be used by the defendant to resist the demand of the plaintiff as a holder in due course, in the absence of fraud, or a showing that the plaintiff had actual notice of any infirmity in the instrument *Page 395 
or defect in the title of the person negotiating it.
In finding the plaintiff to be a holder in due course, it follows that any equities existing between the defendant and E.C. Toussel are not available as a defense in this suit.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.