In my opinion plaintiff in this case is not a holder in due course for the reason that the notes were not indorsed by the payee, what purports to be his signature having been placed on the back of the notes by the hand of another in his absence and without his knowledge or consent, though afterwards ratified by him when testifying as a witness on the trial of the case. The fact that the payee's signature was written by his father, in whom the son had every confidence as a manager of his business and who had been given a sort of blanket authority to act for him in such matters, might be said to be sufficient to support the actions of the father in a representative capacity, but, in view of the fact that the authority was neither express nor special, some difficulty is encountered. Article 2997, R.C.C. There is, however, no question of agency involved, since the signature of E.C. Toussel was not made in a representative capacity. According to the overwhelming weight of authority here and abroad, one who affixed the signature of another to a negotiable instrument does so as an amanuensis and as the instrumentality of the party whose signature he places upon the instrument, but not in the capacity as an agent, the signature being regarded as having been made by the party himself.
"The rule is well settled both in England and in the United States that an act done by a person in the presence of another and by his direction or with his consent, as the signing or execution of a sealed instrument, for example, is not regarded as the act of an agent, but is the direct act of the person by whose direction it is done. Smith v. Dowling, 89 So. 315, 81 Fla. 867." 25 Louisiana and Southern Digest, Verbo Signatures, 4, p. 136.
"A signature may also be made for a person by the hand of another acting in his presence, and at his direction, request, or acquiescence, unless a statute provides otherwise, and has the same validity as though written by the person himself. Such mode of signing is sufficient for a sealed instrument, although the party affixing the signature does not have authority to do so under seal. When a signature is made in this manner the person writing the name is regarded as a mere instrumentality, by which the party whose signature is written exercises his own discretion and acts for himself, and not as an agent." Corpus Juris, vol. 58, p. 727, Verbo Signatures.
See, also, Hall v. Misenheimer, 137 N. C. 183, 49 S.E. 104, 107
Am.St.Rep. 474; Rex v. Lognor, 4 B. A.D. 647; Ball v. Dunterville, 4 T.R. 313; In re Deshotel's Estate, 153 La. 1096,97 So. 203.
In this case the payee's father wrote his son's name on the back of the notes in the evident belief that a general authorization to conduct his son's business warranted such action. In my opinion, such an indorsement was not the act of the son and insufficient to endow the transferee with the preferred status of a holder in due course, particularly since the transferee knew both the father and the son and was aware that the signature which purported to be that of the son was executed by the father out of the presence of his son and with no special authority.
Section 52 of Act No. 64 of 1904 (the Negotiable Instrument Law) defines a holder in due course as follows:
"A holder in due course is a holder who has taken the instrument under the following conditions:
"1. That it is complete and regular upon its face;
"2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;
"3. That he took it in good faith and for value;
"4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."
Section 49 of the same statute provides:
"Where the holder of an instrument payable to his order transfers it for value without indorsing it, the transfer vests *Page 396 
in the transferee such title as the transferer had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferer. But for the purposes of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made."
The ratification of the father's action by the son on the witness stand is effective as of the date of the ratification, but it cannot prevent the maker of the note from presenting such defense as he might have as against the original payee in this suit. Corpus Juris, vol. 8, p. 338; Tiffany on the Law of Principal and Agent, p. 54; Cook v. Tullis, 18 Wall. 332, 21 L.Ed. 933.
For the reasons stated, I respectfully dissent.