O’CONNELL, Justice.
The appellant, Arthur Treister, sought by his complaint in the court below to obtain specific performance of a contract for sale of realty between himself, as buyer, and the appellee, Mamie Pacetty, as seller. The answer by Pacetty simpy denied the agreement and without further pleading or proof, she filed motion for summary final decree. Affidavits by plaintiff and another, offered to sustain his bill, were not controverted by counter-affidavit or other evidence, and the facts appearing therefrom, to which the court was necessarily limited in granting summary decree for defendant, were as follows:
Pursuant to a listing of the property in question, owned by the appellee Pacetty, the appellant’s agent and broker, David B. Cameron, arranged a sale to appellant and executed on his behalf a deposit-receipt agreement which forms the basis for this litigation. At the time of the execution of this agreement, one Robert M. Brown exhibited a general power of attorney from the owner, the appellee, which instrument had been recorded in Georgia, and he, Brown, placed the appellee’s signature upon the agreement, without appending his own name as agent or otherwise indicating the fact of agency in execution of the contract for the seller,'Pacetty. A certified copy of the recorded power of attorney was filed by .appellant. It was not revoked until several months after the date of the agreement sued upon and no question has been raised as to its sufficiency to authorize execution of contracts of the general nature involved.
The simplé issue presented, therefore, is whether or not a duly authorized attorney-in-fact can bind his principal by executing a" contract in the name of the principal alone, without any indication of the fact of agency upon the face of the instrument. The point of law is not settled by any precedent in this jurisdiction, and there could appear to be some conflict in the cases arising elsewhere. In considering the principles and authorities, it should be noted at the outset that in the instant case there is no contention of fraud or deception, and the sole concern is with the validity of the instrument vel non, as between the original parties who fully disclosed the fact of agency at the time of execution of the contract but did not incorporate same into its written terms. Upon the facts above recited no question could be raised or decided, of course, as to rights of third parties or any effect the recording acts might have in such instances.
The rule with respect to a slightly different situation, where reference to the fact of agency appears in the instrument but execution is accomplished by the agent’s signing his principal’s name alone, is clearly to the effect that the principal will be bound. 2 Am.Jr., Agency, Sec. 247, p. 200; 2 C.J.S., Agency, § 128(b)(2), p. 1352; Story on Agency, Sec. 147. A study of representative cases involving those facts, as well as the numerous decisions sustaining liability upon negotiable instruments in these circumstances, discloses that although such authorities may be factually distinguishable, their rationale is fully applicable and controlling in the present case. Deakin v. Underwood, 37 Minn. 98, 33 N.W. 318; Tiger v. Button Land Co., 91 Neb. 433, 136 N.W. 46, 41 L.R.A.,N.S., 820; Kiekhoefer v. United States Nat. Bank, 2 Cal.2d 98, 39 P.2d 807, 96 A.L.R. 1244; Morlet v. Maus, La.App., 170 So. 392. Anno. 96 A.L.R. 1251. The provision of the ■Negotiable Instruments Law upon the point is general in nature, stating simply that “the signature of any party may be made by a duly authorized agent”, and that his authority “may be established, as in other cases of agency.” Section 674.21, F.S. 1953, F.S.A.; Sec. 19, N.I.L., Vol. 5, Uniform Laws Ann. There is accordingly no real basis for distinguishing cases decided under that law, nor any other statutory basis for special classification of an instrument involving real property in the factual situation at bar. *607 Cf. Kiekhoefer v. United States Nat. Bank, supra.
As expressed by an eminent text authority in the field, while the early contra case of Wood v. Goodridge, 1850, 6 Cush., Mass., 117, 119, 52 Am.Dec. 771, upon which ap-pellee relies, has much to commend it as a matter of better practice, the rule so broadly stated in that opinion is not supported by later cases nor can it be' sustained on principle: “While the rule of ‘Wood v. Goodridge’ is undoubtedly well founded in convenience and propriety, yet it is difficult in reason to perceive why, even in those cases where nothing would ever appear upon' the face of the instrument to indicate it, it may not be shown by evidence aliunde that it was in fact executed by an agent. It cannot be said that this is to contradict, add to or vary the deed by parole evidence, for its legal effect remains the same and it is nonetheless afterward what it purported to be before, the deed of the principal. Neither can it be said thaf in one case there is, while in the other there is not, evidence of the agency. In either event, the agency must be proved as a fact. It cannot be established by mere recitals of authority or by any pretense of acting in that capacity.” Mechem on Agency, 2nd ed., Vol. 1, Sec. 1118, and pp. 803, et seq., quoting Forsyth v. Day, 41 Me. 382: “It is difficult to perceive any sound reason why, if one man may authorize another to act for him and bind hint, he may not authorize him thus to act for him and bind him in one name as well as in another. As a matter of convenience in preserving testimony, it may be well that the names of all the parties who are in any way connected with a written instrument, should appear upon the instruments themselves, but the fact that the name of the agent by whom the signature of the principal is affixed to an instrument appears upon the instrument itself, neither proves' nor has any tendency to prove the authority of such agent. That must be established ali-unde whether his name appear as agent or whether he simply places the name of his principal to the instrument to be executed.”
It is the opinion of this Court that, as between the original parties and where the recording acts are not involved, a contract executed in the name of a principal by a duly authorized agent, acting within the scope of his authority, is binding upon the principal, although the fact that the agent acted for the principal is not apparent from the instrument itself.
For the reasons stated, the decree appealed from is reversed and the cause is remanded for further proceedings consistent herewith.
DREW, C. J., TERRELL, J., and CRAWFORD, Associate Justice, concur.