NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-1454

SUCCESSION OF RAY JOSEPH COMEAUX

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, DOCKET NO. 18690-E
HONORABLE KEITH JULES COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

**Edward C. Abell, Jr.**
**Onebane Law Firm**
**P. O. Box 3507**
**Lafayette, LA 70502-3507**
**(337) 237-2660**
**Counsel for Appellee:**
**Iberia Bank**

Stephen Francis Mestayer
Mestayer and Mestayer ALC
P. O. Box 12340
New Iberia, LA 70562-2340
(337) 365-8181
Counsel for Appellees:
Mary Elizabeth Doerle Comeaux
Rodney P. Comeaux
Donald R. Comeaux
Cathy Marie Comeaux Koch
Mary Beth Comeaux Winmill
Jane Coeaux McCurly
Michael Comeaux

Lucretia Patrice Pecantte
Pecantte-Burton & Burton
P. O. Box 13738
New Iberia, LA 70562-3738
(337) 367-1779
Counsel for Appellant:
Louise Comeaux Gaspard

**EZELL, JUDGE.**

Louise Comeaux Gaspard (Louise) appeals the decision of the trial court granting summary judgment in favor of her mother and siblings, dismissing her claims relating to a certificate of deposit. For the following reasons, we affirm the decision of the trial court.

Ray Comeaux, Louise's father, was diagnosed with terminal cancer in December of 2003. On January 18, 2004, Ray Comeaux confected an olographic will bequeathing five certificates of deposit (CD) to four of his children and one grandchild. The CDs were all issued through Iberia Bank in New Iberia. The total value of all five CDs was roughly $68,000. Three of these CDs were made payable to him or the individual child listed on the CD; two were payable upon death. The CD bequeathed to Louise Gaspard, worth roughly $40,000, was payable on death.

In April of 2004, Ray Comeaux, who was bed-ridden at the time, asked two of his sons, Michael and Rodney, to close out the CDs and place the proceeds into a checking account for the benefit of his wife, Betty. In accordance with their father's wishes, Michael and Rodney went to Iberia Bank to redeem the CDs. There, Connie Bourque, an officer at Iberia Bank, told them that because their particular CDs were made out in their father's or their names, they could sign and redeem their own CDs. However, Ray Comeaux would have to sign each remaining CD before redemption was possible.

Michael and Rodney returned to their father's home, gave him the remaining CDs, and explained to him that the CDs needed to be endorsed. Ray Comeaux then told Michael to have Betty sign his name for him, as he was physically unable to do so. Michael, Rodney, and Betty were all in the room with Ray Comeaux when this request was made, and all four were present when Betty signed the documents for her

1

husband. Michael and Rodney went back to Iberia Bank, where all five CDs were redeemed, and the proceeds were placed into a checking account. Ray Comeaux died in June of 2004.

Roughly one month after her father's death, Louise Gaspard filed the present action, seeking a declaratory judgment that she is entitled to the value of the CD that had previously been payable to her. She also filed suit against Iberia Bank in separate proceedings, claiming that the bank was negligent in allowing the CDs to be cashed by someone other than her father and that the bank's negligence had caused her damages. Both the Comeauxs and Iberia Bank filed motions for summary judgment. Both were granted. From these decisions, Louise Gaspard appeals.

On appeal, Louise Gaspard asserts as her sole assignment of error that the trial court erred in granting summary judgment in favor of the Comeauxs. We disagree.

> Appellate courts review grants of summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, *i.e.*, whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Ocean Energy, Inc. v. Plaquemines Parish Gov't*, 04-0066 (La.7/6/04), 880 So.2d 1. The movant bears the burden of proof. La. C.C.P. art. 966(C)(2). If the movant meets this initial burden, the burden then shifts to plaintiff to present factual support adequate to establish that he will be able to satisfy the evidentiary burden at trial. *Richard v. Hall*, 03-1488 (La.4/23/04), 874 So.2d 131, 137. Thereafter, if plaintiff fails to meet this burden, there is no genuine issue of material fact and defendant is entitled to summary judgment as a matter of law. *Id*. This court has recognized that a "genuine issue" is a "triable issue," an issue in which reasonable persons could disagree. *Jones v. Estate of Santiago,* 03-1424 (La.4/14/04), 870 So.2d 1002, 1006 (citing *Smith v. Our Lady of the Lake Hosp*., 93-2512 (La.7/5/94), 639 So.2d 730, 751). Further, this court has defined a "material fact" to be one in which "its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." *Id*.

*Champagne v. Ward*, 03-3211, pp. 4-5 (La. 1/19/05), 893 So.2d 773, 776-77.

The CD left to Louise Gaspard was in her father's name, payable to her upon his death. In *Broussard v. Broussard*, 340 So.2d 1309 (La.1976), the supreme court

2

held that the purchase of CDs in the name of a husband and his wife did not effect a manual gift to the wife because there was no actual withdrawal or delivery of the funds. Merely placing two names on the investment certificates did not, either constructively or actually, transfer the funds. *See Succession of Grubbs*, 170 So.2d 256 (La.App. 2 Cir.1964), *writ denied*, 247 La. 409, 171 So.2d 666 (1965)). Likewise, here there was no delivery or transfer of the funds to Louise Gaspard by the placing of her name upon the CD in question. She simply was not the owner of the CD. The money belonged to Ray Comeaux until he died, and he could do with it as he pleased. He chose to give the money to his wife rather than to his daughter. She was merely a prospective legatee. When Ray Comeaux decided to cash in the CD, Louise's legacy no longer existed.

The Comeauxs have shown evidence in the form of affidavits and deposition testimony that Ray Comeaux desired that the CDs be redeemed and placed into a checking account to benefit his spouse for the remainder of her life. Because she does not challenge the competency of Ray Comeaux at the time of the redemption of the CDs, the burden then falls on Louise Gaspard to show that the closing of the CDs was made without Ray Comeaux's consent. Louise Gaspard has failed to put on any evidence whatsoever that the actions taken were not desired by Ray Comeaux or that she has the right to the CD. The only evidence in the record indicates that Ray Comeaux desired the CDs to be cashed in and placed in an account to benefit his wife and that he asked her to sign for him due to his physical condition.[1] Accordingly, there is no genuine issue of material fact, and the trial court was correct in granting the Comeauxs' motion for summary judgment.

---

[1] "Where a person's name is signed for him at his direction and in his presence by another, the signature becomes his own, and is sufficient to give the same validity to an instrument as though written by the person himself." *Coats v. Guaranty Bank & Trust Co.*, 174 La. 503, 509, 141 So. 41, 43 (1932).

For the above reasons, the decision of the trial court is affirmed.  Costs of this

appeal are assessed against Mrs. Gaspard.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3,
Uniform Rules, Court s of Appeal.