## No. 6444.

### Mrs. Marie E. Dawson vs. Marie Landreaux et al.

The admission of the alleged agent that he is authorized to represent a third person in a suit, does not prove the agency.
The authority to represent a defendant in a suit must be shown expressly, or by irresistible implication.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier*, J.

*Thomas W. Collens*, for plaintiff and appellant.

*C. E. Schmidt*, for defendants.

The opinion of the court was delivered by

DeBlanc, J. Defendants, it is alleged, are the legal representatives of one Pierre Landreaux, who in 1835 was the recorder of mortgages for the parish of Orleans. They were, at the date of the institution of this suit, residents of the city of Paris, and represented here by A. Rochereau & Co., who were cited in this case as their agents and attorneys.

Plaintiff seeks to recover from them the sum of $6762 25 on the ground that forty-two years ago the said Pierre Landreaux, defendants' ancestor, failed, through error, ignorance, and in violation of his official duty as recorder, to inscribe her marriage contract in the book of mortgages, which he then kept, and by said failure her rights against her husband, amounting to the amount she claims, were outranked by the rights of subsequent creditors, and completely lost in 1874, as shown by a decree of this court reported at page 534 of the twenty-sixth Annual.

Defendants' pretended agents appeared in the lower court, and, reserving all legal exceptions to plaintiff's petition, denied all and singular the allegations therein contained, and in bar of her demand pleaded the prescriptions of one, three, five, ten, twenty, and thirty years.

Under the general issue, an agent is bound to establish his authority; and, assuredly, those who assert and rely on that authority, whether it be denied or not denied by the supposed agent, must prove what they assert. The naked admission of the agency is not of itself sufficient to bring in court those he assumes to represent. If it were, the rights of

non-residents could too easily be sacrificed by concocted and fraudulent admissions.   Lanata vs. Macera, 20 An. 426.

Were we in this instance to arbitrarily presume the existence of the pretended mandate, we would have to as arbitrarily presume its nature and extent, whether it delegates mere power of administration, or specified and more important powers.   The authority to represent a party in the defense of an action against that party can result but from express terms or from implication so clear as to be irresistible.   9 L. R. 78 ; 10 L. 598 ; 4 An. 61, 133 ; 5 An. 218 ; 6 An. 562, 651 : 17 L. R. 42 ; 20 An. 426.

In this case, those sued and cited as the agents of defendants have denied the supposed agency, and if it did and does exist that fact has not been established, and, legally, defendants are not in court.   Under these circumstances, the judgment should have been one of nonsuit.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be and it is hereby amended, and plaintiff's demand dismissed as in case of nonsuit, at her costs in both courts.

It is further ordered that, as amended, said judgment is affirmed.