284 So.2d 662 (1973)
VERMILION BANK & TRUST COMPANY, Plaintiff and Appellee,
v.
Marie Audry MILLER and Andrew deBlanc, Defendant and Appellant.
No. 4331.
Court of Appeal of Louisiana, Third Circuit.
November 5, 1973.
Ned E. Doucet and Darrell J. Hartman, Kaplan, for defendants and appellants.
J. E. Kibbe, Abbeville, for plaintiff and appellee.
Before CULPEPPER, MILLER and PONDER, JJ.
CULPEPPER, Judge.
This is a suit on a promissory note for the principal sum of $600. The plaintiff bank is the holder and owner of the note. *663 The defendant Marie Audry Miller is the maker, and defendant Andrew deBlanc is an endorser. Judgment in solido was rendered against both defendants. Only Andrew deBlanc has appealed.
The substantial issue is whether the defendant endorser, who is illiterate and cannot sign his name, verbally authorized the bank official to sign the note for him.
The facts are that Mrs. Miller had been married to a nephew of Mr. deBlanc and was living in the deBlanc home with her child. She phoned the bank, requesting to borrow $600. The bank advised her that it would loan her the money on a promissory note if Mr. deBlanc would sign as endorser.
Mrs. Miller and Mr. deBlanc went to the bank, where they talked to Mr. Paul Eleazar, its president. There is some conflict in the testimony of these three persons as to what transpired.
Mr. Eleazar testified that he explained he would not loan the money unless Mr. deBlanc signed as endorser. He says the parties agreed and that he then prepared the note which was signed by Mrs. Miller as maker. Mr. deBlanc is 79 years of age, illiterate, and cannot sign his name. But he owns four or five rent houses and has money in the bank. Mr. Eleazar testified that after explaining to deBlanc that if he endorsed the note he would have to pay it if the maker defaulted. deBlanc then authorized Eleazer to sign deBlanc's name as endorser. Eleazer says he then wrote on the
 his
back of the note "Andrew X deBlanc",
 mark
and signed his own name as witness. The "X" was made by Eleazar, not by deBlanc.
Mrs. Miller admitted that she signed the note as maker and that she owes the principal amount. Actually, she confessed judgment in the trial court. She says that before they went to the bank Mr. deBlanc agreed to sign the note as endorser, and that after they reached the bank Mr. Eleazar explained to deBlanc the obligations of an endorser. Contrary to Mr. Eleazar, Mrs. Miller testified that deBlanc placed the "X" mark on the note in his own hand, and then Mr. Eleazar wrote deBlanc's name and signed as witness.
Mr. deBlanc denied that he agreed to endorse the note, or that he authorized Mr. Eleazar or anyone else to endorse for him. deBlanc says he was asked by Mrs. Miller to endorse the note, but he refused, stating that he would not endorse a note even for his children.
The note is drawn and signed as described by Mr. Eleazar, but of course there is no way to tell from the note itself whether the "X" mark was placed on it by deBlanc or by Mr. Eleazar.
LSA-R.S. 7:19 (From the Negotiable Instruments Law) reads as follows:
"The signature of any party may be made by a duly authorized agent.
"No particular form of appointment is necessary for this purpose; and the authority of the agent may be established as in other cases of agency."
LSA-C.C. Article 2992 provides:
"A power of attorney may be given, either by a public act or by a writing under private signature, even by letter.
"It may also be given verbally, but of this testimonial proof is admitted only conformably to the title: Of Conventional Obligations."

Jurisprudence holds that no written authorization is necessary to authorize an agent to sign, endorse or transfer a negotiable instrument, parole evidence of such authorization being permissible, Perdido Finance Company v. Falgout, 77 So.2d 896 (Orl.App.1955); Morlet v. Maus, 170 So. 392 (Orl.App.1936); Coats v. Guaranty Bank & Trust Company, 174 La. 503, 141 So. 41 (1932).
The burden of proof is on the party relying on the mandate, and there are at *664 least two cases which hold that the mandatory's testimony alone is not sufficient, Leon v. Campagna, 170 La. 41, 127 So. 358 (1930) and Dawson v. Landreaux, 29 La. Ann. 363 (1877).
Under these rules, the factual issue is whether the plaintiff bank sustained its burden of proving that Mr. deBlanc either personally placed his X mark on the note or verbally authorized Mr. Eleazar to sign for him in his presence. This is an issue which depends largely on the credibility of the witnesses, a factor as to which the trial judge has great discretion. The testimony of Mrs. Miller, as corroborated by Mr. Eleazar and the signatures on the note itself, clearly constitute sufficient evidence to support the trial judge's decision that deBlanc authorized Eleazar to endorse the note for him and this was done in deBlanc's presence with his approval.
deBlanc filed a third party demand against Mrs. Miller seeking judgment against her in the event he was cast. The trial court in written reasons recognized the third party demand, but this was inadvertently omitted from the judgment. Although deBlanc did not assign this as error and has not sought to have the trial court's judgment amended, we find it proper to amend the judgment, LSA-C.C.P. Art. 2164.
For the reasons assigned, the judgment in favor of Vermilion Bank & Trust Company on the principal demand is affirmed. The trial court judgment is amended to recognize the third party demand by awarding judgment in favor of third-party plaintiff, Andrew deBlanc, and against third party defendant, Marie Audry Miller, in the full sum of $600.00, with interest thereon at the rate of 8% per annum from November 15, 1971, until paid, and for all costs of court, together with an additional 10% on the aggregate amount due on principal and interest as attorney's fees. Costs of this appeal are assessed against defendant appellant.
Affirmed as amended.