473 So.2d 397 (1985)
R.R. REEVES, Jr., et ux, Plaintiff-Appellee,
v.
CELESTRON, INC., Defendant-Appellant.
No. 84-646.
Court of Appeal of Louisiana, Third Circuit.
August 2, 1985.
*398 Patrick L. Durusau, Jena, for defendant-appellant.
R.R. Reeves, Jr., Harrisonburg, for plaintiff-appellee.
Before DOMENGEAUX, DOUCET and KNOLL, JJ.
DOUCET, Judge.
R.R. Reeves, Jr., plaintiff-appellee, instituted this action against Celestron, Inc., defendant-appellant, in order to enforce a sales contract between Mr. Reeves and Astronomical Unit of Little Rock, Ark., which was an authorized dealer of Celestron telescopes. The trial court held that Celestron was liable to Mr. Reeves because of Astronomical Unit's apparent authority to bind Celestron to a sales contract with plaintiff. From this judgment Celestron has perfected this appeal. The issue on this appeal is whether Astronomical Unit was apparently authorized to bind the defendant to a sales contract.
Mr. Reeves, after taking a course in astronomy at Northeastern Louisiana University, decided to purchase his own telescope. Mr. Reeves consulted with Dr. Robert Rickett about the sale and how to proceed in procuring an advanced telescope. Dr. Rickett suggested Astronomical Unit of Little Rock, Ark. and also volunteered to arrange the transaction. Dr. Rickett had referred other prospective buyers to Astronomical Unit as well as purchasing the University's astronomy equipment from this company. Mr. Reeves subsequently contacted Mr. Tom Koed of Astronomical Unit about the purchase of the telescope and eventually placed an order for a telescope. Two weeks after placing the order, Mr. Reeves sent Mr. Koed a check made payable to Astronomical Unit in the amount of $950.00. This check was cashed on March 16, 1982. Thereafter, despite repeated inquiries and anxious waiting, no telescope was ever delivered. On May 28, 1982, petitioners were notified that Astronomical Unit had applied for bankruptcy protection and it became apparent that delivery would never be made.
After repeated demands upon the defendant for the delivery of the telescope, this lawsuit was filed against Celestron, Inc. At the ensuing trial, it was disclosed that Astronomical Unit had made various advertisements in which it represented itself to be an agent of the defendant. There were suggestions that the defendant attempted to stop these advertisements, but the precise results of these efforts are unclear. The trial court ruled that although no agency relationship actually existed, the defendant was nonetheless liable to plaintiff on the basis of the doctrine of apparent authority. The trial court reasoned that the manifestations of an agency relationship consisted of the continuous venture of the defendant's business relationships with the now bankrupt Astronomical Unit. Furthermore, these manifestations were made to plaintiff indirectly through Professor Rickett and the magazine advertisements. Accordingly, the lower court held that the defendant either return the purchase price or deliver the ordered telescope.
In its appeal, the defendant-appellant contends that the trial court erred in its holding that Celestron made manifestations to plaintiff that an agency relationship existed and that plaintiff relied on these manifestations to his detriment.
In Byles Welding and Tractor, Inc. v. E.W. McDaniel, 441 So.2d 48 (La.App. 3rd Cir.1983), this court succinctly summarized the doctrine of apparent authority as follows:
"[1, 2] Apparent authority is a concept of estoppel operating in favor of a third person seeking to bind a principal for the unauthorized act of an agent. Broadway v. All-Star Insurance Corporation, 285 So.2d 536 (La. 1973). The burden of proving apparent authority is *399 on the person seeking to bind the principal. Vermilion Bank & Trust Co. v. Miller, 284 So.2d 662 (La.App. 3 Cir. 1973).
The judicially created doctrine of apparent authority has two requirements:
(1) The principal must make some form of manifestation to an innocent third party; and,
(2) The third party must rely reasonably on the purported authority of the agent as a result of the principal's manifestations."

Pargas, Inc. v. Estate of Taylor, 416 So.2d 1358 (La.App. 3 Cir.1982).
Our task is to determine whether the trial court erred in holding that Celestron, Inc. made manifestations to the effect that an agency relationship existed between themselves and Astronomical Unit, and whether plaintiff reasonably relied on these manifestations.
From our careful review of the record we conclude that the trial court ruled correctly on the issue of apparent authority and agree with its reasons for so holding. The manifestations of Celestron, vis-a-vis the agency relationship, consist of the continuous business relationship that Celestron actively maintained with Astronomical Unit. All parties ever dealing with Astronomical Unit could easily get the impression that it was Celestron's agent. Furthermore, advertisements, of which Celestron was aware, were disseminated in various astronomical periodical publications as well as the telephone book. The record shows that Celestron took note of this impression. If Celestron was serious about correcting this impression, however, the business relationship should have been terminated. Consequently, we hold that this business relationship constitutes the requisite manifestations for a finding of apparent authority.
The more difficult aspect of this analysis is the satisfaction of the second criteria for a finding of apparent authority that plaintiff reasonably relied on these manifestations. It is not disputed that plaintiff's dealings with Astronomical Unit were minimal and that they were never aware of the misleading advertisements. However, as the lower court states, this particular type of sales transaction involves esoteric knowledge and skill which justifies a less strict application of the requirement that plaintiff rely on the misleading manifestations. Plaintiff relied on the statements of Dr. Rickett which gave the impression that an agency relationship existed. Because of the esoteric nature of this transaction, Celestron had to anticipate the reliance of ordinary people on qualified experts like Dr. Rickett for help and information in arranging these transactions. Therefore, to mislead these experts about an agency relationship is also to mislead the public, or the plaintiff in this instance, on which he relied. Accordingly, we find that the second criterion that plaintiff relied on (the misleading manifestations) was met, and therefore hold that the doctrine of apparent authority was properly invoked in this case.
For the foregoing reasons, the judgment of the trial court is affirmed at defendant-appellant's cost.
AFFIRMED.