KLEES, Judge.
This appeal arises from an action instituted by plaintiffs seeking cancellation of a sale on the basis of nondelivery of the merchandise. Plaintiffs, Sherif Boulos and Paul Durso, filed suit against defendant, Morris Lew d/b/a Casa Alejandro, seeking return of $8,250.00.[1] (The amount allegedly given by plaintiffs to defendant’s alleged agent, Mike Felberg, in exchange for certain merchandise.) Plaintiffs appeal the trial court’s dismissal of the suit, arguing that the trial court erred in finding that Mike Felberg had no authority to transact the sale on behalf of the defendant.
On September 4, 1982, plaintiffs, Sherif Boulos and Paul Durso, entered the Casa Alejandro, a store specializing in the sale of electronic equipment. They were waited on by Sandor Pactor, Casa Alejandro’s manager. Defendant, Morris Lew, the store’s owner, was not present in the store during the alleged transaction.
Plaintiff Boulos was interested in purchasing a Toshiba personal stereo, Pactor handled the entire transaction. When Bou-los accepted Pactor’s price for the stereo, Pactor wrote up a sales receipt, accepted $130.00 in cash, and delivered the merchandise to Boulos on the spot.
While Boulos was transacting business with Pactor, plaintiff Durso was speaking with Mike Felberg at the front of the store. After completing the sale with Pactor, Bou-los joined Felberg and Durso. Felberg brought the plaintiffs into a back room where they discussed the purchase of video equipment, twenty Dupont lighters and some gold. The price of the merchandise totalled $8250.00, which plaintiffs paid in cash. Felberg stated that he did not have the merchandise in the store at that time. He added that he would get the rest of the merchandise later in the evening, and deliver it to the plaintiffs. Mike Felberg never did deliver the merchandise. No one has seen him since this transaction. It is apparent that he has fled with the plaintiffs’ money.
Plaintiffs now seek to recover the purchase price from defendant. They contend that Mike Felberg acted as defendant’s agent in transacting the sale, and therefore, defendant is liable for the breach created by the nondelivery of the merchandise. However, the testimony at trial is uncontroverted that Mike Felberg was never the defendant’s agent. Defendant, Morris Lew, testified that he had never employed Mike. Further, he stated that his only employees were Sandor Pactor, the store’s manager, and Carlos Sanchez and Mervin Gaser, the salesmen.
Plaintiffs argue that even if Mike had not been an actual agent of defendant’s, the defendant held Mike out to be his agent. Plaintiffs contend that defendant’s actions created the appearance that Mike had the authority to complete the sale.
Apparent authority exists when the principal, by his acts or conduct, has knowingly caused or permitted another to *63 appear as his agent to the injury of the third parties who have acted in good faith and with reasonable prudence. Alphonse Brenner Company, Inc. v. Dickerson, 283 So.2d 849 (La.App. 2nd Cir.1973); Thompson v. Great Midwest Fire Co., 395 So.2d 840 (La.App. 1st Cir.1981). The principal will be bound for the agent’s actions if the principal has acted in a manner so as to give an innocent third party the reasonable belief the agent has authority to act for the principal. AAA Tire and Export, Inc. v. Big Chief Truck, 385 So.2d 426 (La.App. 1st Cir.1980).
The third party must rely on the actions of the principal. The actions of the agent alone cannot create the appearance of an agency relationship. Thompson, supra. A third party seeking to benefit from the doctrine of apparent authority has a duty to inquire into the nature and extent of the power of the agent. Byles Welding and Tractor, Inc. v. McDaniel, 441 So.2d 48 (La.App. 3rd Cir.1983); Buckley v. Woodlawn Development Corp., 233 La. 662, 98 So.2d 92 (1957).
In the case before us, the record supports the trial court’s finding that Mike Felberg did not have the authority, actual or apparent, to bind the defendant. The testimony of defendant, Morris Lew, and Sandor Pactor clearly states that Lew had not met the plaintiffs nor was he in the store during the transaction. In fact, Mr. Lew was out of town for the entire Labor Day weekend. Further, both Lew and Pactor testified that Mike Felberg was not permitted to make sales, to go behind the sales counter, to write out sales receipts, or to collect monies from customers. The only relationship existing between Felberg and Lew was an agreement whereby Fel-berg would receive a commission on any purchase made by customers he brought in. Lew testified that this agreement was made upon the suggestion of Felberg. Lew further stated that Felberg was not to wait on these customers but was to simply bring the customers to Pactor or Lew, who would take care of them.
We do not find that the trial court committed manifest error in finding that Mike Felberg did not have apparent authority to bind the defendant. Plaintiffs failed to prove that the defendant, Morris Lew, through his actions, held out Mike Felberg as his agent. The evidence adduced at trial clearly shows that defendant did not act in any manner which would have allowed the plaintiffs to reasonably believe that Mike was defendant’s agent. Defendant, Morris Lew, was not present during plaintiffs’ entire visit to the store.
Plaintiffs simply relied upon the assertions of Felberg to their detriment. The monetary injury that they have incurred is a result of their own failure to inquire into the nature and extent of Mike’s authority.
The entire transaction questions the good faith of all parties involved. Plaintiffs involved themselves in a $8000.00 cash transaction without any guarantee of delivery. Further, the fact that the entire incident occurred in a back room of the store, completely out of view of Sandor Pactor, the manager of the store, questions whether .plaintiffs acted reasonably and prudently.
Accordingly, the judgment of the trial court dismissing plaintiff’s suit is affirmed.
AFFIRMED.
WARD, Judge,
votes to grant rehearing with assigned reasons.
I would grant a rehearing based upon my reconsideration of the facts in light of the applicable law. In my opinion, Morris Lew and his store manager created circumstances which led the plaintiffs to reasonably believe a mandate existed. Mike Felberg had apparent authority to act for Lew; hence, I believe Lew should be held liable to the plaintiffs.

. Defendant was incorrectly named as Lou Morrison in the original petition and citation.