SCHOTT, Judge.
This is a suit by Elizabeth Mohr, plaintiff, for underinsured motorist (UM) benefits against two insurers, State Farm Automobile Insurance Company (State Farm) and Underwriters at Lloyd’s and Companies (Underwriters). The trial court dismissed plaintiff’s suit on exceptions of prescription, no cause of action, and no right of action filed by Underwriters; and exceptions of res judicata, no cause of action, and no right of action filed by State Farm. From these judgments plaintiff has appealed. The only issue is whether the trial court properly sustained the exceptions.
Plaintiff was driving an automobile owned by her employer, Sims Welding, Inc., when the accident occurred. Sims was primarily insured for liability by Belle-fonte Insurance Company with limits of liability for bodily injury in the amount of $500,000. However, the policy provided only $10,000 of UM coverage. Sims was also insured by Underwriters against liabilities in excess of $500,000. Plaintiff’s personal automobile insurer was State Farm which afforded $50,000 of UM coverage.
The accident which spawned the litigation occurred on February 26, 1981. Plaintiff originally filed suit in July 1981, against Jerry Stelly, Keith Trahan, and Edmond Broussard, alleging that they were liable to her as joint tortfeasors. Also joined as defendants were the alleged employer of the three, Acme Truck Line, Inc., its insurer Fidelity and Casualty Company of New York, the owner of the trucks being driven by the three, H & H Rentals, Inc., and its insurer American Mutual Insurance Company. Before this case came to trial plaintiff settled her claim against H & H, its insurer, American Mutual, and Broussard, for $300,000 reserving her rights against all others. The case against the remaining defendants was tried to a jury and was concluded on April 26, 1984. In response to interrogatories the jury made these findings: 1) Stelly and Trahan were free of negligence; 2) Broussard and plaintiff were negligent and were 60% and 40% at fault respectively; 3) although Broussard was an employee of Acme he was not in the course and scope of his employment at the time of the accident and the truck he was driving had no connection with Acme; and 4) the total amount of damages to which plaintiff was entitled was $500,000. Plaintiff has appealed to this court from this judgment, but the case has not yet been submitted to the court.
*559 In the meantime, on February 25, 1983 plaintiff filed a second suit against State Farm and Bellefonte alleging that the $300,000 she collected from American Mutual constituted its policy limits and that Broussard was underinsured considering the magnitude of plaintiffs damages. At this point Bellefonte paid its limits of $10,-000 and was released. In the release document plaintiff reserved her rights against all other parties. An order of dismissal was signed in October, 1983. The case against State Farm was consolidated for trial with the first case but was tried to the judge while the other case was tried to the jury. On July 31, 1984 the court dismissed plaintiff’s suit against State Farm. Plaintiff has also taken an appeal to this court from that judgment, but this appeal like the first has not yet been submitted to the court.
During the trial, testimony revealed the existence of the umbrella policy issued by Underwriters to Sims which led plaintiff to file the present suit on April 23, 1984. Underwriters responded with an exception of prescription because the suit was not filed within two years of the accident as required by R.S. 9:5629; and exceptions of no cause of action and no right of action because 1) Sims' election or selection of only $10,000 of UM limits in the Bellefonte policy had direct application to the Underwriters excess policy; 2) the Underwriters policy provided UM coverage only in excess of $500,000 well above the amount of her damages; and 3) plaintiff’s damages had been set by the jury at $500,000, her degree of fault was set at 40%, and she received $310,000 in settlement from American Mutual and Bellefonte, so that she has been fully compensated at this point.
State Farm excepted to this new petition on grounds of 1) res judicata since the issue of its liability had been tried in the second suit; and 2) no cause or right of action because plaintiff had a viable claim against Underwriters and R.S. 22:1406(D)(l)(c) permits her to recover from only two UM insurers. (Bellefonte being the first and Underwriters the other).
On June 13, 1986 the trial judge sustained all exceptions urged by Underwriters and State Farm and dismissed plaintiff’s suit. She has taken the present appeal from this judgment.
In this court plaintiff argues that her damages far exceed the $500,000 awarded by the jury and that the jury’s apportionment of any fault to her was erroneous. Thus, she says the $300,000 she collected from American Mutual leaves her grossly underinsured so that either State Farm or Underwriters must pay the deficiency. She recognizes that she is limited by R.S. 22:1406(D)(1)(c) to recovery against only two UM insurers. However, while insisting that one or the other must cover her she directed all of her arguments in this court against Underwriters with its potential $1,000,000 of coverage rather than State Farm with its limits of $50,000.
EXCEPTION OF PRESCRIPTION BY UNDERWRITERS
The accident occurred on February 26,1981. Plaintiff filed suit against Underwriters on April 23, 1984. Thus, Underwriters argues the claim against it was barred by the two years prescription established by R.S. 9:5629. Recognizing that plaintiff filed a timely suit against Brous-sard and that this suit interrupted prescription as to the UM carrier pursuant to Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982), Underwriters argues that plaintiff’s voluntary dismissal of her suit against Broussard resulted in the reim-position of prescription as to her claim. Similarly, plaintiff filed a timely suit against Bellefonte, but this suit was also dismissed before suit was filed against Underwriters.
However, this argument overlooks the fact that plaintiff’s suit against Stelly and Trahan was still pending when suit was filed against Underwriters so that there remained an interruption of prescription. Therefore, we have resolved to reverse the trial court’s judgment sustaining Underwriters exception of prescription.
*560 UNDERWRITERS EXCEPTION OF NO CAUSE OF ACTION
In deciding an exception of no cause of action, the court accepts the facts alleged in the petition and determines whether the law affords any relief to plaintiff if those facts are proved at trial. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985). In her petition plaintiff alleged that her damages exceeded $3,000,000, the tort feasor’s policy limits were $300,000, and that she was the beneficiary of UM coverage provided by Underwriters to Sims in a “commercial umbrella excess” policy. In this petition nothing is alleged concerning the Bellefonte policy with its election of UM coverage below the limits of its liability coverage; and nothing is alleged about the jury verdict in the first suit. Consequently these facts may not be considered in determining the merits of Underwriters’ exception.
While plaintiff alleged that Underwriters provided to Sims an excess liability or umbrella policy which in turn provided her with UM coverage she did not attach a copy of the policy to her petition. Thus, the terms of the policy should not be considered on an exception of no cause of action. Nevertheless, Underwriters filed in the record a copy of the policy with its memoranda in support of its exception and proceeded in the trial court and in this court with arguments based on the policy’s contents. Plaintiff never objected to this procedure in the trial court or assigned it as error in her appeal to this court.
Moreover, we are convinced that a reversal of the trial court’s sustaining of the exception of no cause of action on the technical ground that the policy is extraneous to the petition would result in misunderstandings which could unduly complicate the case in the future. This is so because while plaintiff states a cause of action against Underwriters on the basis of its policy, a reading of the policy demonstrates a significant limitation on the cause of action which should be recognized at this stage of the proceedings.
The policy of Underwriters states that “The risk and sum insured” is “Excess Liabilities” for the sum of $1,000,000 “Excess of: Underlying policies as per schedule attached ...” The attached schedule of underlying policies includes “Auto— $500,000 combined single limit.”
One of the “Insuring Agreements” is as follows:
II Limit of Liability
Underwriters hereon shall be only liable for the ultimate net loss the excess of either:
(a) the limits of the underlying insurances as set out in the attached schedule in respect of each occurrence covered by said underlying insurances,
The policy contains the following condition:
It is a condition of this policy that the policy or policies referred to in the attached “Schedule of Underlying Insurances” shall be maintained in full effect during the policy period without reduction of coverage or limits except for any reduction in the aggregate limit or limits contained therein solely by payment of claims in respect of accidents and/or occurrences occurring during the period of this policy. Failure of the Named Assured to comply with the foregoing shall not invalidate this policy but in the event of such failure, the Underwriters shall only be liable to the same extent as they would have been had the Named Insured complied with said condition.
This policy was issued by Underwriters to Sims Welding Company and the clear intention of these parties was for Underwriters’ liability to be in excess of $500,000. The policy is unambiguous in this respect and cannot be read to mean that Underwriters would be liable for UM coverage in excess of only $10,000. The policy is conditioned on Sims providing the underlying coverage and specifically limits its liability to the excess even if the insured fails to provide the underlying coverage as Sims did in this case. In a situation closely analogous to this case the court in Garmany v. Mission Ins. Co., 785 F.2d 941 (11th Cir.1986) reached the same conclusion.
*561 Plaintiff’s principal argument is that the UM law as expressed in R.S. 22:1406(D)(l)(a) does not permit the application of the policy’s condition to this case. She relies on Southern Am. Ins. v. Dobson, 441 So.2d 1185 (La.1983) in support of her position.
R.S. 22:1406(D)(l)(a) provides in pertinent part as follows:
“No automobile liability insurance.... shall be_ issued_unless coverage is provided therein.... in not less than the limits of bodily injury liability provided by the policy...., provided, however, that the coverage required under this Subsection shall not be applicable where any insured.... shall reject in writing the coverage or selects lower limits....”
This statute does not support plaintiff’s position. Underwriters does not contend that it provides no UM coverage. It acknowledges that its UM coverage applies above the first $500,000 of coverage as the statute requires, but argues that its obligation under the statute is only to provide UM coverage which is parallel to the coverage for bodily injury liability, namely, coverage in excess of $500,000.
The Dobson case offers no support for plaintiff’s position. In that case, the court held that an excess insurer like Underwriters was liable for UM coverage even though the policy did not expressly provide it unless the insured waived the coverage. In other words the court held that R.S. 22:1406(D)(l)(a) applied to excess insurers. This is so in the instant case, but the, case does not mandate UM coverage in excess of the bodily injury coverage afforded by Underwriters. In effect, this is what plaintiff is seeking.
We have concluded that plaintiff’s petition states a cause of action against Underwriters limited to a threshold of $500,000 of damages and then to the extent of the policy limits. The judgment of the trial court sustaining the exception of no cause of action will be reversed.
EXCEPTION OF NO RIGHT OF ACTION BY UNDERWRITER’S
The only question in testing this exception is whether plaintiff has any interest in the institution of the suit. C.C.P. art. 927(5). Here plaintiff alleges she is insured for UM coverage by Underwriters. Her interest is clear and direct. The trial court erred in sustaining the exception of no right of action.
EXCEPTIONS BY STATE FARM
The trial court correctly sustained State Farm’s exception of res judicata. In the earlier case against State Farm the trial court dismissed plaintiff’s case. As herein discussed, that case is now on appeal to this court. The present case against State Farm is identical. Plaintiff’s present suit against State Farm was properly dismissed.
Accordingly, the judgment in favor of defendant, Underwriters at Lloyd’s and Companies, and against plaintiff, Elizabeth Mohr, sustaining this defendant’s exceptions of prescription, no cause, and no right of action and dismissing plaintiff’s suit against Underwriters is reversed and set aside; these exceptions are overruled; and the case is remanded to the trial court for further proceedings consistent with the views expressed herein.
The judgment in favor of defendant, State Farm Automobile Insurance Company, and against plaintiff, Elizabeth Mohr, sustaining defendant’s exception of res ju-dicata and dismissing plaintiff’s suit is affirmed.
All costs incurred in these proceedings by State Farm are taxed against plaintiff. Costs incurred by plaintiff in its appeal from the judgment in favor of Underwriters are taxed against Underwriters with all other costs of the proceedings to be determined at the conclusion of the case.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.