SCHOTT, Judge.
This suit is companion case to Mohr v. Broussard, 515 So.2d 833, number CA-3446 on the court’s docket, decided this date. Defendant, State Farm Mutual Automobile Association, provided uninsured motorist (UM) coverage to plaintiff on her own automobile. At the time of the accident, she was driving an automobile owned by her employer, Sims Welding, Inc. UM coverage was provided to Sims by Belle-fonte Insurance Company, up to $10,000, and by Underwriters at Lloyd’s and Companies (Underwriters) up to $1,000,000, but only in excess of $500,000. The suit against State Farm was tried to the judge simultaneously with the jury trial against the other defendants. From a judgment dismissing her suit against State Farm plaintiff appealed.
In dismissing plaintiff’s present suit, the trial judge found that plaintiff had already received $300,000 from Broussard, H & H, and American Mutual and $10,000 from Bellefonte and would have available $1,000,000 of UM coverage from Underwriters. He reasoned that plaintiff’s damages would have to exceed $2,000,000 (which would permit her to recover $1,200,-000 or sixty percent) in order for the $1,310,000 available to her to be exceeded. He found that her damages could not exceed $2,000,000 so that he dismissed the suit against State Farm.
In Mohr v. Lloyds of London, 503 So.2d 557 (La. App. 4th Cir.1987) we held that plaintiff’s recovery of UM benefits against the Underwriters was limited to the excess over $500,000. In the companion case plaintiff’s recovery was fixed at $600,000. Since plaintiff could recover only $300,000 from the insured tort feasor she may look to her UM carriers to recover her underin-sured losses. She collected $10,000 from Bellefonte, but she has no right to recover from Underwriters unless her underin-sured damages exceed another $490,000. Since they do not, Underwriters has no coverage available to her.
LSA-R.S. 22:1406(D)(1)(c) provides that the UM coverage on the vehicle in which the injured party was an occupant is primary. By this test the Underwriters policy would be primary. The statute further provides:
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occu *842 pant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.
The only primary insurance coverage afforded plaintiff was Bellefonte’s. Since its coverage was exhausted plaintiff may recover from other available coverage. The Underwriters coverage is not available so that plaintiff is entitled to State Farm’s policy limits of $50,000.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of plaintiff, Elizabeth A. Mohr and against defendant, State Farm Mutual Automobile Insurance Company, in the sum of fifty thousand ($50,000) dollars with legal interest from date of judicial demand until paid and all costs of these proceedings.
REVERSED AND RENDERED