531 So.2d 501 (1988)
Rosia L. ADAMS
v.
LOUISIANA COCA-COLA BOTTLING COMPANY, LTD.
No. CA-8107.
Court of Appeal of Louisiana, Fourth Circuit.
July 12, 1988.
Rehearing Denied October 12, 1988.
*502 Kevin O'Bryon, Hammett, Leake and Hammett, New Orleans, for appellant.
B. Frank Davis, Paul Cassisa, Sr., Alison E. Roberts, Bernard, Cassisa, Saporito and Elliott, Metairie, for intervenor-appellee.
Before SCHOTT, GARRISON and CIACCIO, JJ.
CIACCIO, Judge.
Plaintiff sustained injuries when she slipped and fell on a wet floor at her place of employment, the Jefferson Parish School Board warehouse in Marrero. The floor was wet from being mopped to clean a spill from a malfunctioning Coca-Cola vending machine. Plaintiff sued Louisiana Coca-Cola *503 Bottling Company, Ltd., who had placed the machine at the warehouse.
Louisiana Coca-Cola Bottling Company filed a third party demand against the school board, alleging that the machine was leased to the school board, who, under the lease, owed indemnification and insurance coverage to the bottling company. Later, the bottling company amended its third party demand to add as third-party defendants the school board's insurers Hartford Accident and Indemnity Company and Canal Insurance Company. The amended third party demand alleged not only that the companies insured the school board, but that under the policies as issued they "owed coverage" to the bottling company.
When the matter proceeded to trial on plaintiff's main demand and the bottling company's third party demand against the school board, the amended third party demand against the insurers had not been served on the third party defendants. Judgment based upon a jury verdict was rendered in favor of plaintiff on her main demand, but that judgment was not appealed. The trial judge found in favor of the school board on the third party demand and dismissed the bottling company's claim. The insurers filed exceptions of no right of action, no cause of action, and res judicata. The trial judge maintained the exceptions and dismissed the amended third party demand. Louisiana Coca-Cola Bottling Company, Ltd. appeals the dismissals of its third party demands. We affirm in part, reverse in part, and remand to the district court to allow the bottling company to amend its pleadings.
The threshold question concerning the bottling company's third party demand against the school board is whether the school board is obligated under the lease. The school board argues that the warehouse inventory clerk who signed the lease ostensibly on behalf of the school board did not have authority to bind the board in that manner. The bottling company argues that the clerk had implied authority or apparent authority, or both, to sign the lease on behalf of the board.
Mandate is an act by which one person, a principal, gives power to another, an agent, to transact for him and in his name one or several affairs. LSA-C.C. art. 2985. An agent's power or authority is composed of his actual authority, express or implied, together with the apparent authority which the principal has vested in him by his conduct. See Interstate Electric Co. v. Frank Adam Electric Co., 173 La. 103, 136 So. 283 (1931). As between principal and agent the limit of the agent's authority to bind the principal is governed by the agent's actual authority. As between the principal and third persons, the limit of an agent's authority to bind the principal is governed by his apparent authority. Broadway v. All-Star Insurance Corp., 285 So.2d 536 (La., 1973); Interstate Electric Co., supra. Apparent authority is a judicially created concept of estoppel which operates in favor of a third party seeking to bind a principal for the unauthorized act of an apparent agent. Broadway, supra; Interstate Electric Co., supra.

Boulos v. Morrison, 503 So.2d 1, 3 (La. 1987).
The warehouse inventory clerk who signed the lease did not have express authority to do so. Whether he had implied authority, the other component of actual authority, is determined by inference from the circumstances, purposes, and nature of the agency itself. An agent is invested with the implied authority to do all of those things necessary or incidental to the accomplishment of the purpose of the mandate. Bank of Greensburg v. Forrest, 520 So.2d 728, 732 (La.1988); Broadway v. All-Star Insurance Corporation, 285 So.2d 536, 536 (La.1973); Tedesco v. Gentry Development, Inc., 521 So.2d 717 (La.App. 2d Cir. 1988).
Appellant did not prove a written mandate, so we assume that appellant argues a mandate conferred verbally. Appellant bore the burden of proving the mandate. La.C.C. Art. 2992 and Art. 1831. That one person is the employee of another does not of necessity make him an agent of his employer, since the two relationships *504 cannot be equated. Hebert v. Livingston Parish School Board, 438 So.2d 1141, 1144 (La.App. 1st Cir.1983) and cases cited therein.
Appellant argues that the clerk was empowered with general authority to operate the warehouse. Although a mandate should be construed strictly, indulging appellant's argument for liberal construction to find a mandate conceived in general terms, such a mandate confers only a power of administration. La.C.C. Art. 2996. While we question whether renting and receiving a vending machine exceeds the power of administration over this warehouse, we definitively find that agreeing to indemnify and insure the lessor of the vending machine is beyond the power of administration of the warehouse.
Assuming any mandate from the board to this clerk, it was the power to receive goods delivered to the warehouse. A power to receive includes that of giving a receipt in acquittance. La.C.C. Art. 2999. The proof in this record does not preponderate to establish any particular circumstances, purposes or nature of the mandate beyond receiving and inventorying goods delivered to the warehouse. We do not find therein any implied authority to agree to indemnify and insure the lessor of a vending machine placed on the premises.
For the doctrine of apparent authority to apply, the principal must first act to manifest the alleged agent's authority to an innocent third party. Second, the third party must rely reasonably on the manifested authority of the agent. As the Courts of Appeal have correctly held, the principal will be bound for the agent's actions if the principal has given an innocent third party a reasonable belief the agent had authority to act for the principal. Comfort Heating & Air Conditioning, Inc. v. Brock, 476 So.2d 927 (La.App. 2 Cir., 1985); Byles Welding & Tractor, Inc. v. McDaniel, 441 So.2d 48 (La.App. 3 Cir.,1983); Bamber Contractors, Inc. v. Morrison Engineering & Contracting Company, Inc., 385 So.2d 327 (La.App. 1 Cir.,1980). The burden of proving apparent authority is on the party relying on the mandate. Bamber Contractors, supra.

A third party seeking to benefit from the doctrine of apparent authority may not blindly rely upon the assertions of an agent. He has a duty to inquire into the nature and extent of the agent's power. Buckley v. Woodlawn Development Corp., 233 La. 662, 98 So.2d 92 (1957); Byles Welding, supra; Bamber Contractors, supra.

Boulos v. Morrison, 503 So.2d 1, 3 (La. 1987).
In support of its argument for the clerk's apparent authority to execute this lease on behalf of the board, appellant relies on the following facts. The clerk has worked for the school board for twenty years. During this time he has always handled soft drink vending machines on the premises. Either he or another school board employee initially contacted appellant to have a machine installed at the warehouse. (Prior to the October 1982 leasing and installation of this machine, the school board owned and installed its own machines at its various locations.) Various school board employees handled the loading and unloading of soft drinks into the machine and would take the money out of the machine. The money was not for personal use, and went into a petty cash fund. The lease was signed. "Jefferson Parish School Board by: J.B. Mire, III."
The school board's representative, Jack Grant, admitted that employees all over the school board system were signing similar leases. He also admitted that some of the seven thousand school board employees have previously bound the school board without formal authorization. Formal authorizations are not issued for routine or specific contractual undertakings such as the purchase of paper clips.
There is no indication that the school board acted to manifest authority for the clerk to execute this lease. After signing the lease the clerk kept his copy in a cash box at the warehouse. There is no evidence that the school board knew of the lease, much less its provisions. The school board role was passive, it apparently paid *505 no attention to the vending machines on its premises. We do not find that this passiveness manifested authority in its employees to agree to indemnify and insure the lessor of these machines.
Further, we find unreasonable any reliance by appellant upon any perception of authority in the clerk. Appellant did not inquire into the nature and extent of the clerk's authority. And although appellant may consider routine and incidental the placement of its vending machines, agreeing to indemnify and insure appellant as lessor requires greater authority than one would reasonably perceive to be vested in an inventory clerk. The evidence in this record does not establish that appellant had any reasonable belief that the clerk had apparent authority to execute the lease on behalf of the school board.
Appellant finally argues that the school board ratified the lease by permitting the machine to remain at the warehouse, permitting another machine to be placed there, and permitting over one hundred other machines to be placed at various other school board locations under similar lease conditions. There is no indication that the school board was aware that the machines were being leased, that the leases were being executed in its name, or that the leases contained onerous provisions that the board indemnify and insure appellant as lessor. We do not find the board's permitting the presence of the machine(s) to be a ratification of the lease provisions confected by appellant.
We hold, therefore, that the clerk who signed the lease had neither actual nor apparent authority to do so on behalf of the board, and the board's passive attitude toward the presence of the machine(s) did not operate as a ratification of the lease provisions. We affirm the judgment dismissing the bottling company's third party demand against the school board.
As to the judgment maintaining the exceptions in favor of third party defendants, the insurers, however, we find that the district court erred in part. The bottling company's amended third party petition contains the following allegation:

VIII(b)
That Hartford Accident & Indemnity Company, and Canal Insurance Company owe coverage directly to third party plaintiff, Louisiana Coca-Cola Bottling Co., Inc. for liability asserted in principal demand herein.
The bottling company is the right party in interest to claim that particular insurance policies afford it coverage for a particular assertion of liability. The district court erred by maintaining an exception of no right of action. When this matter went to trial the insurers had not been served and were not parties to the proceedings. The issue of whether they owed insurance coverage directly to third party plaintiff was neither tried nor decided. The trial judge erred by maintaining an exception of res judicata.
When deciding an exception of no cause of action the court accepts as true the factual allegations of the petition. Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985); Mohr v. Lloyds of London, 503 So.2d 557 (La.App. 4th Cir.1987). The allegation that the insurers "owe coverage" is a conclusion of law, not a factual allegation. In order to state a cause of action the bottling company must allege the existence of a policy or policies issued by the named companies in which it is an insured, or other facts which would provide a basis for coverage if it is not a named insured. (In this case such facts cannot be the lease provisions since we have held that the clerk who signed the lease could not obligate the school board to provide insurance coverage to the bottling company.) The district court correctly maintained the exception of no cause of action.
When the grounds of an objection pleaded by the peremptory exception may be removed by amendment of the pleadings, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La.C.C.P. Art. 934. The district court judgment does not order amendment of the pleadings or provide a delay for such amendment. We, therefore, *506 will remand the matter to give the bottling company an opportunity to amend.
Accordingly, we reverse the judgment maintaining the exceptions of no right of action and res judicata; those exceptions are overruled. We affirm the judgment maintaining the exception of no cause of action, but we remand the matter to the district court to enable the bottling company to amend its pleadings, within a delay allowed by the court, to allege facts which state a cause of action. If the bottling company fails to amend its pleadings effectively, its case against the insurers shall be dismissed. La.C.C.P. Art. 934.
Each party to this appeal shall bear its own costs.
AFFIRMED in part, REVERSED in part, and REMANDED with instructions.