BARRY, Judge.
Ranger Insurance Company (Ranger) appeals the denial of its motion to rescind three bond forfeitures, contending that the State did not comply with statutory notice requirements. The State submits that if a notice deficiency exists it was due to Ranger’s instructions.

FACTS AND PROCEDURAL HISTORY

Victor Perea was arrested twice in 1992 and Ranger posted three bail bonds in amounts of $100,000, $24,000 and $1,000.[1] All of the bonds listed Ranger Insurance Company at 6020 Cornerstone Court West, San Diego, California as surety. Perea failed to appear for arraignment which resulted in judgments of forfeiture dated April 3, 1992 on the $100,000 and $24,000 bonds and June 29, 1992 on the $1,000 bond.
According to affidavits filed by the clerk of court, notifications of forfeiture on the $100,-000 and $24,000 bonds were sent by certified mail on May 21, 1992 to Ranger at an address in Opelousas, Louisiana and to bondsman Charles T. Kelly at a Metairie address. On July 6 and on October 21, 1992, notice of the $1,000 forfeiture was also mailed to Ranger and to Mr. Kelly at the same addresses. Additional notices regarding the $100,000 and $24,000 forfeitures were mailed in late October 1992, which the State concedes were untimely.
On November 10, 1992 Ranger filed a motion to rescind the forfeiture of the $100,000 bond, asserting that no timely notification of the judgment had been sent. Ranger’s motion was amended December 2 to include the other two bonds and to specify that timely notice was not sent to its California address.
The trial court heard testimony from Pamela Baggett, who administered bond forfeitures for the District Attorney’s office, and from Glenn Vidrine, Ranger’s former Managing General Agent in Louisiana. Ms. Bag- *151 gett and Mr. Vidrine agreed that Mr. Vidrine insisted years earlier that copies of any “problem” forfeitures of a Ranger bond be mailed to him at his Opelousas address. Mr. Vidrine admitted that he requested the D.A. to use his address as a “convenience” to the D.A.’s office so that he could expedite collections from bondsmen and to maintain good relations.
Ms. Baggett sent a letter to Mr. Vidrine to confirm the conversation, but she could not locate a copy. Ms. Baggett had records of five other Ranger forfeitures that were paid through Mr. Vidrine’s Opelousas office in 1991 and 1992 without any notice to Ranger’s California address; those documents were admitted into evidence. All but one of the payments were drawn on Louisiana banks by Louisiana account holders. The exception was a check drawn on a California bank on an account titled “Spencer Douglass Insurance Associates Trust Account” in San Diego, with a notation “Ranger by Vidrine.”
On February 1, 1993 the trial court, without oral or written reasons, denied the motion to rescind the three forfeitures. Ranger’s three appeals were consolidated.

DISCUSSION

The State argues that there is a sixty-day peremptive period for a challenge to a judgment of forfeiture under La.R.S. 15:85(A)(2)(a), as held in State v. Bibbins, 609 So.2d 852 (La.App. 4th Cir.1992) and State v. Searcy, 604 So.2d 1381 (La.App. 4th Cir.1992). However, in both cases the timeliness of the judgment was at issue, not the timeliness of the notice of judgment. R.S. 15:85 states that time does not begin to run until proper notice of a judgment of forfeiture is sent. Since the question raised by Ranger’s challenge is whether “proper” notice was sent, its motion cannot be dismissed as untimely.
On the merits, Ranger asserts that La.R.S. 15:85(A)(l)(a) requires that notice of a judgment of forfeiture be sent to the surety’s address on the face of the bond. The State contends that the statute only requires that notice be sent to the surety on the face of the bond at any address furnished by the surety.
La.R.S. 15:85(A)(l)(a) reads in pertinent part:
[T]he clerk of court shall promptly mail notice of the forfeiture ... to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.
The literal language of the statute does not require notice to the address on the bond. Two appellate courts have held that mailing a notification of judgment to the surety at the address on the face of the bond, even if the notice is returned because the address is incorrect, satisfies the statute. American Bankers Ins. Co. v. State, 581 So.2d 313 (La.App. 1st Cir.1991); State v. Canto, 600 So.2d 152 (La.App. 3d Cir.1992); see also, State v. Hartley, 614 So.2d 211 (La.App. 3d Cir.1993). Those cases hold that due process does not require actual notice, but only a method that is reasonably calculated to provide actual notice. American Bankers Ins. Co. at 314; State v. Canto at 156. Although a surety’s change of address is reasonably foreseeable, the statute neither prohibits such action nor provides a procedure for doing so.
An agent has the authority to act for his principal, La.C.C. art. 2985, and the scope of a general agent’s powers can be inferred from his function, La.C.C. art. 3000. See, Adams v. Louisiana Coca-Cola Bottling Co., 531 So.2d 501 (La.App. 4th Cir.1988). Thus, an agent’s actual authority, whether express or implied, includes the power to do those things reasonably necessary for accomplishing the purpose of the mandate. Id.
As Ranger’s Managing General Agent for Louisiana, Mr. Vidrine had the implied power of administration for the corporation, which must act through its agents. The authority to implement a change of address must be seen as reasonably included in such *152 implied power. Mr. Vidrine admitted that his primary function was to receive and act quickly on all Ranger forfeitures, “regardless of where it comes from.” No evidence was presented to suggest that Ranger had limited the scope of this administrative authority. Furthermore, the payment of five other forfeitures mailed to Ranger at the Opelousas address establishes a ratification of Mr. Vid-rine’s action; the California cheek noted “Ranger by Vidrine” rebuts the surety’s claim that it had no knowledge of the change.
We therefore find that the State complied with the notice requirements of La.R.S. 15:85(A)(l)(a) in these cases. The evidence establishes that Ranger’s agent expressly waived notice to the address shown on the face of the bond and instructed that notice to the surety be sent to the Opelousas address instead.
We pretermit the applicability of the doctrine of equitable estoppel urged by the State and Ranger’s objections based on that argument.
The judgment is affirmed.[2]

AFFIRMED.

. The arrests occurred on January 17, 1992 for possession with intent to distribute cocaine in #354-967, and on February 3, 1992 for possession of crack cocaine and possession of marijuana in #355-178 and #355-191.

. The State's motion to supplement the record is denied.